## CROLY *v.* INDIANAPOLIS TRACTION AND TERMINAL COMPANY.

[No. 9,238. Filed February 20, 1917.]

1. TRIAL.—*Order of Receiving Evidence.—Discretion of Court.—* The trial court has discretionary power as to the time or order of receiving testimony, and a judgment will not be reversed for any irregularity in regard thereto unless it clearly appears that such discretion has been abused. p. 665.

2. APPEAL.—*Review.— Order of Receiving Evidence.— Recalling Witness.—Discretion of Court.—*In an action for personal injuries, the action of the trial court in permitting defendant to recall a witness for plaintiff after defendant's motion for a peremptory instruction had been overruled, was not an abuse of the court's discretionary power as to the order of receiving evidence. p. 665.

3. APPEAL.—*Subsequent Appeals.—Law of the Case.—Evidence.—* As the opinion in a former appeal is the law of the case on all questions presented and decided therein, where the evidence was held sufficient on such appeal to sustain a verdict for plaintiff for personal injuries, it was error for the court to peremptorily instruct the jury to find for the defendant upon a retrial of the cause in which the evidence was substantially the same as at the former trial, since, where a proposition decided on appeal depends upon a state of facts shown by the evidence, it is controlling until the termination of the litigation unless the testimony relating thereto upon a subsequent trial differs in some material respect from that upon which the opinion of the appellate tribunal was based. p. 666, 670.

4. APPEAL.—*Review.— Evidence.—* The court on appeal cannot weigh conflicting evidence. p. 670.

5. STREET RAILROADS.—*Injuries to Person on Track.—Evidence.— Last Clear Chance.—Jury Questions.*—In an action against a street railroad company for personal injuries sustained when plaintiff was struck by a car, the right of recovery being predicated on the last clear chance doctrine, whether the motorman, who saw plaintiff running backward across the street toward the track, knew, or should have known, of her peril in time to have avoided the accident, and whether after discovering her peril he used' reasonable and ordinary care under the circumstances to avoid injuring plaintiff, were questions for the jury. p. 670.

From Morgan Circuit Court; *Nathan A. Whitaker*, Judge.

Action by Alpha C. Croly, by her next friend Joseph Croly, against the Indianapolis Traction and Terminal Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Grubbs & Grubbs, George W. Galvin* and *Joseph W. Williams*, for appellant.

*S. C. Kivett, D. E. Watson* and *W. H. Latta*, for appellee.

FELT, C. J.—This is a suit for damages for personal injuries and is the second appeal to this court. *Croly v. Indianapolis Traction, etc., Co.*, 54 Ind. App. 566, 96 N. E. 973, 98 N. E. 1091. The complaint in one paragraph is the same as it was at the first trial and sufficiently appears in the former opinion. The answer was a general denial. At the close of appellant's testimony, the defendant, appellee, moved the court to instruct the jury to return a verdict for the defendant, which motion was overruled. Thereupon, at the request of appellee, the court permitted it to recall one of appellant's witnesses, the motorman who operated the car which struck appellant, and to further examine him, all of which was done over the objection and exception of appellant. At the close of such examination appellee renewed its motion for a peremptory ·instruction in its favor, and the same was sustained by the court, who in ruling on the motion said: "It strikes me that under the first decision of this case I will have to sustain this motion.

Under the evidence in this case there is no showing that the motorman was guilty of any negligence after discovering the dangerous position' of the plaintiff. I believe it will be my duty to sustain the motion.''

Thereupon the court ordered the jurors to be brought in and instructed them to return a verdict for the defendant, and in so doing stated in substance that there was no evidence tending to prove that the motorman operating the car saw appellant, and saw that she was in a dangerous position or about to come into a dangerous position, and was unconscious of her danger, in time to have stopped the car, or to have given such warning, as would have prevented the injury complained of.

Appellant has assigned as error that: (1) The court erred in sustaining appellee's motion to recall the witness Hough, after the court had overruled appellee's motion for a peremptory instruction; (2) overruling appellant's motion to set aside the verdict; (3) overruling her motion for a new trial. The first assigned error is also one of the grounds for a new trial. The motion for a new trial alleges: (1) that the verdict of the jury is contrary to law, and (2) it is not sustained by sufficient evidence; (3) error in instructing the jury as above shown; and (4) error in the admission of certain evidence.

1. The trial court has discretionary power as to the time or order of receiving testimony and a judgment will not be reversed for any irregularity in regard thereto unless it clearly appears that such discretion was abused.

2. In the case at bar we cannot say that the court abused its discretionary power, or that appellant was prejudiced in any substantial right by permitting the witness Hough to be recalled and further examined after appellee had presented and the court had overruled a motion for a peremptory instruction. *Miller* v. *Dill* (1897), 149 Ind. 326, 335, 49 N. E. 272; *Roush* v. *Roush*

(1899), 154 Ind. 562, 572, 55 N. E. 1017; *Stewart* v. *Stewart* (1901), 28 Ind. App. 378, 383, 62 N. E. 1023.

The overruling of appellant's motion for a new trial presents the question whether there was any evidence tending to show negligence on the part of appellee's motorman, in charge of the car which injured appellant, after he saw appellant and knew or should have known of her peril, and whether such negligence, if any, was the proximate cause of appellant's injury. Both parties rely upon the opinion of this court on the former appeal. Appellee contends that it fully warranted the peremptory instruction given by the trial court, and appellant insists that in the light of the evidence introduced, the former opinion clearly shows that it was error for the court to declare as a matter of law that there was a total failure of evidence tending to show a liability under the doctrine of the last clear chance as therein announced. The former opinion is the law of the case on all questions presented and therein decided. Where the proposition decided depends upon a state of facts shown by the evidence, it is controlling to the end of the litigation unless the evidence relating thereto upon a subsequent trial differs in some material respect from that upon which such opinion was based. *Alerding* v. *Allison* (1907), 170 Ind. 252, 260, 83 N. E. 1006, 127 Am. St. 363; *Fifer* v. *Rachels* (1905), 37 Ind. App. 275, 277, 76 N. E. 186.

As we interpret the briefs, appellant contends that appellee's liability arises under the last clear chance doctrine, and the ruling of the trial court and the instruction of the jury indicate that such was the theory upon which the case was presented and decided below.

After reviewing the evidence, this court in the former opinion, by Lairy, J., said: "In our judgment, the undisputed evidence shows that the plaintiff failed to use due care in view of her age and experience. * * * We have held in this case that the undisputed evidence shows that the

plaintiff failed to use due care for her own safety in approaching and entering upon the tracks of defendant; * * * but this does not amount to a finding that she was guilty of contributory negligence. Before it can be held as a matter of law that she was guilty of contributory negligence, it must further appear that the second essential element of contributory negligence was present, namely, the causal connection between the want of due care on the part of the plaintiff and her injury."

Judge Lairy then takes up the last clear chance doctrine, and after an extended and able discussion thereof, applies it to the case at bar, and in so doing, among other things, says:

"If there is some evidence in the record tending to prove that the motorman actually saw the plaintiff approaching the track and that her conduct and appearance at that time was such as to indicate that she did not observe the approach of the car and was oblivious of her danger, then the verdict can be sustained, even though her want of care in failing to see the car, continued up to the time of her injury, provided that there is also evidence tending to prove that after the motorman knew of her perilous situation, he had time to have avoided the injury by the exercise of due care. The evidence upon this question is conflicting. * * * In deciding whether the motorman saw plaintiff and observed the danger to which her conduct was about to expose her, in time to have prevented the injury, the jury had a right to consider the speed at which the car was moving and also the speed at which plaintiff was walking as well as the distance that each was required to move to reach the point of collision. From a consideration of the evidence, we cannot say that the jury could not have properly found that the motorman knew of the danger to which plaintiff was about to expose herself in time to have prevented the injury. The evidence is sufficient to sustain the verdict."

The opinion then takes up the instructions to the jury and

the judgment was reversed because of an erroneous instruction on the subject of the last clear chance doctrine. From the foregoing it clearly appears that the court erred in peremptorily instructing the jury to find for the defendant, unless the evidence was materially different from that considered and passed upon in the former opinion.

We have carefully reviewed the former opinion and the statement of the evidence which it contains (*Croly* v. *Indianapolis Traction, etc., Co., supra,* pp. 573-586) and also the evidence in the record on this appeal, and find it to be substantially the same as it was upon the former trial, with some exceptions which seem to strengthen rather than weaken the evidence which the former opinion held sufficient to sustain a verdict in appellant's favor on the question of the last clear chance, as shown by the following language: "We cannot say that the jury could not have properly found that the motorman knew of the danger to which plaintiff was about to expose herself in time to have prevented the injury. The evidence is sufficient to sustain the verdict." As the question comes to us, we are only required to consider the evidence, if any, tending to sustain appellant's contention that appellee is liable under the last clear chance doctrine. The evidence of Mrs. Nellie Swan, a sister of appellant, is to the effect that she was on the opposite side of the street at a window in her house, and saw the car which struck appellant, when it was twenty or thirty feet or more away from the place where it struck her; that it was running twenty or thirty miles an hour and did not stop until after it ran over appellant, and that she heard no gong or bell or anything of the kind sounded; that when she first saw the car appellant was just leaving the sidewalk and starting to cross the street, moving rapidly; that she hallooed to her and just then a freight train came along on the elevated tracks and she did not hear her and was struck by the street car; that appellant looked up and down the street after she left the sidewalk to cross the street.

NOVEMBER TERM, 1916.     669

Croly *v.* Indianapolis Traction, etc., Co.—63 Ind. App. 663.

Roosevelt avenue runs in a northeasterly and southwesterly direction and is intersected by Lewis street which runs north and south. Appellant was injured when she was about five feet east of the curve at the corner of Roosevelt avenue and Lewis street while crossing Roosevelt avenue, going in a northwesterly direction toward her home on the north side of the street.

Her mother testified, in substance, that the car which struck appellant was going rapidly and did not stop after it ran over her until it ran down to the elevated tracks, about a square around on the curve, and then backed up near the place of the accident; that a Brightwood car came off of Lewis street and stopped opposite appellant on the street.

Appellant testified that she was on the south side of the street and waited at the curb for a car to pass going toward Brightwood; that she did not leave the curb until it passed; that she looked both ways after she left the curb and saw no other car and did not see the car that struck her; that she was walking across the street, heard no one halloo to her, and would have stopped if the motorman had sounded the gong or rung the bell.

The motorman testified that he was running a Columbia avenue car; that he first saw appellant on the south side of Roosevelt avenue on the sidewalk, shortly after he passed an outgoing car and when his car was probably 150 feet from the place of the accident; that shortly thereafter, when his car, thirty feet long, had proceeded probably one or two lengths, he saw appellant leave the curb, which was about twelve feet from the tracks; that he saw her when she first started across the street, before his car came up to her and saw that she was running backwards toward the tracks and had her face turned from the car and seemed to be looking back toward the south; that as soon as he saw her start to run across the street he "hollered" and commenced to apply his brakes; that appellant was ten or

fifteen feet from the tracks when he called to her and began to set his brakes and he believed she was unconscious of the approach of the car; that he did not think he could stop the car and avoid the accident and did not know why he tried to stop the car; that when he put both hands on the brake, the child was some ten feet in front of the car and he knew there would be an accident; that the car was equipped with a gong which could be sounded by using either foot. There is other evidence in the record which contradicts and some which corroborates the foregoing testimony, but we cannot weigh the evidence.

In harmony with, and following, the first opinion in this case we hold that it was error to direct the jury to return a verdict for the defendant, and that on the evidence submitted it was a question of fact for the jury to determine whether appellee's motorman saw appellant and knew or should have known of her peril in time to have avoided the accident, and whether under the facts of the case, after discovering her peril, if he did so discover it as aforesaid, he used reasonable and ordinary care under the circumstances to avoid injuring her. *Croly v. Indianapolis Traction, etc., Co., supra*, pp. 586-590.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 115 N. E. 105. Applicability of doctrine of last clear chance where danger is not actually discovered, 55 L. R. A. 418; 36 L. R. A. (N. S.) 957. Last clear chance doctrine, applicability, 29 Cyc 531; 36 Cyc 1517, 1565, 1567. Subsequent appeals, "law of the case," conclusiveness of prior decisions, 34 L. R. A. 321; 3 Cyc 493; 4 C. J. 1217. See under (1) 3 Cyc 337; (2) 38 Cyc 1366; (5) 36 Cyc 1631.