## TRICK v. ECKHOUSE.

[No. 11,878.   Filed December 2, 1924.]

1. APPEAL.—*No presumption of improper allowance of attorney fees.*—In the absence of evidence on question of attorney fees, in action for rent and damages to leased property, it will not be presumed on appeal that the trial court allowed the plaintiff attorney fees, although authorized by the terms of the lease.   p. 199.

2. LANDLORD AND TENANT.—*Right to rent after abandonment by tenant not affected by subsequent lease.*—Lessor's right to recover rent on tenant's abandonment of premises before the expiration of his term was not affected by a subsequent lease of the premises at increased rental.   p. 199.

3. LANDLORD AND TENANT.—*Right to damages after abandonment by tenant not affected by subsequent lease.*—Lessor's right to recover for damages to the leased building was not affected by a subsequent lease of the premises at increased rental, on the abandonment thereof by the tenant before the expiration of his term.   p. 199.

4. LANDLORD AND TENANT.—*That alterations increased value of property is no defense to action for damages therefor, lessee having agreed to pay for improvements.*—Where a lessee agreed that all improvements made by him should be at his expense, the fact that the improvements increased the value of the property is no defense to lessor's action for damages to the leased building by removing a stairway and cutting holes in the wall thereof.   p. 199.

5. APPEAL.—*Briefs must show exceptions to admission or exclusion of evidence.*—The action of the court in admitting or excluding certain evidence will not be reviewed on appeal where appellant's brief does not show that there was any objection made or exceptions taken to the admission or exclusion of said evidence.   p. 200.

6. APPEAL.—*Appellant has burden to show reversible error.*—The appellant has the burden of showing reversible error, and this must be shown in his brief.   p. 200.

From Madison Superior Court; *Willis S. Ellis,* Judge.

Action by Bertha Eckhouse against H. Frank Trick and another.   From a judgment for plaintiff against the named defendant, he appeals.   *Affirmed.*

*Alfred Ellison* and *Harry G. Neff,* for appellant.
*Eli P. Myers,* for appellee.

McMAHAN, J.—On September 1, 1914, Mrs. Leontine Eckhouse being the owner of a certain two story brick building in the city of Elwood, leased the same to Samuel W. Trick and appellant, doing business under the name of Trick Brothers. This lease was for the term of five years and gave the lessees the privilege of renewing and extending the same for a further period of five years. The lessees exercised the right to renew, and the lease was extended for a period of five years ending August 31, 1924. By the terms of this lease, the lessees agreed to surrender the premises at the expiration of their lease in as good condition as when they took possession, ordinary wear and decay excepted. They also agreed to pay for any inside repairs they desired to make. The lessor agreed to keep the outside of the building in repair, with the exception of certain changes in the front of the building which were to be paid for by the lessees. Said lessees took possession of said building and conducted a five and ten cent store therein until May 1, 1920, on which day they, with the consent of appellee, who was then the owner, assigned said lease to Charles F. Wiley, who, then and prior thereto, was conducting a department store in the two buildings north of the leased property.

In order to secure appellee's consent to the assignment of the lease to Wiley, appellant and his brother, in writing, guaranteed the performance by Wiley of all the covenants on the part of the said lessees. Said assignment and guaranty were in writing and provided for the payment of a monthly rental of $100. The assignee, Wiley, agreed therein to maintain and keep in repair at his expense the whole of said building, inside and outside. During the time the Trick Brothers occupied the premises, they put a plate glass front in the building at a cost of about $1,500. They also installed a furnace costing over $200. They recon-

structed or repaired part of the rear wall of the building, repaired some of the windows, painted the inside of the building, rewired it for lights and put metal shutters on the rear windows, all of which greatly improved the building, and, enhanced its value. After Wiley took possession of the building, he, without the knowledge or consent of appellee, made further changes in the building. He tore out and removed the only stairs to the second story. He cut two openings in the brick wall so as to connect the first story of the leased premises with the rooms just north in which he had his store. He also cut a hole in the wall on the second story so as to connect it with the second story of the other building occupied by him. After having these openings made in the wall, he caused metal fire-resisting doors to be placed over them. Wiley paid the rent in full up to August 1, 1922, when he moved out and surrendered possession to appellee. Appellee was unable to secure another tenant until October 1, 1922. The rent for August and September not being paid, appellee commenced this action against Wiley and appellant to recover the rent for August and September and for the damages to the building occasioned by reason of the removal of the stairs and the cutting of the holes in the wall. Samuel W. Trick not being a resident of this State was not a party to the suit. This cause was later dismissed as to Wiley and, after a trial by the court, there was a judgment against appellant for $350.

Appellant's motion for a new trial being overruled, he appeals and contends that the court erred in overruling this motion.

The specifications in the motion for a new trial are: (1) that the decision is not sustained by sufficient evidence; (2) that it is contrary to law; (3) that the

amount of recovery is too large; and (4) that the court erred in admitting and in excluding certain evidence.

In support of the contention that the amount of the recovery is too large, appellant calls attention to the provision in the lease for attorney fees, and says 1-3. this provision is conditional and not such as to warrant the court in allowing anything on account of attorney fees. If it be conceded that the provision in the lease relative to allowing a recovery for attorney fees is invalid and that appellee was not entitled to recover anything on that account, this contention cannot prevail as there is no claim that any evidence was introduced on the question of attorney fees, and, in the absence of any evidence upon that subject, we will not presume the court in rendering judgment for appellee allowed her anything for attorney fees. The evidence is sufficient to sustain a finding that appellee was entitled to recover $200 rent and that it was worth $259 to rebuild the stairs and $50 to rebrick and plaster the holes in the wall. Appellant also calls attention to the fact that after the building was vacated by Wiley, appellee leased it for $15 per month and says that, under such circumstances, the amount of the recovery was too large. The fact that appellee was able to rent the property at an increased rental is no reason why she should not recover the rent for the two months the building was vacant or why she should not recover what it would cost to replace the stairs and rebrick the holes in the wall. The amount of the recovery was well within the evidence.

The improvements placed on the building by appellant and Wiley were, under their contract with appellee, placed there at their expense. The cost 4. of these improvements must be considered as rent, and the fact that they increased the value of the property is no defense to the action for rent, or

for damages on account of the removal of the stairs and the cutting of the holes in the wall. Where a lessee agrees to make repairs on a building, he cannot defend an action for damages on account of an injury to the property, on the ground that the property was increased in value because of the improvements for which he agreed to pay. *Wainscott* v. *Silvers* (1859), 13 Ind. 497, cited by appellee, is not in point.

Appellant complains of the court in admitting and in refusing to admit certain evidence, but there is no showing in the briefs that there were any objections made to the admission of any evidence.

5, 6. Neither is there any showing that any exceptions were taken to the admission or to the exclusion of any evidence. There is no reference to the page or pages in the record where the evidence, objections and exceptions, if any, can be found. The burden is on appellant to show reversible error.

No reversible error being shown, the judgment is affirmed.