CITY OF FORT WAYNE *v.* BISHOP

[No. 28,613.   Filed May 16, 1950.]

Jasper, C. J., not participating.

*Harry H. Hilgemann, Oliver H. Eggers;* and *Hayes & Hayes,* all of Ft. Wayne, for appellant.

*Ralph J. Miller;* and *Parrish & Parrish,* all of Ft. Wayne, for appellee.

GILKISON, J.—The record indicates that appellee, Marie Bishop, was regularly appointed to the police

force of the City of Fort Wayne during February of 1943 and served in that capacity continuously thereafter until October 13, 1948, when she was suspended by an order of one Lieutenant Lepper. She was dismissed by the Board of Public Safety on November 15, 1948 as of November 12, 1948.

The record indicates that prior to said date charges against her had been filed with the Board of Public Safety of the appellant as follows:

"Department of Police
Fort Wayne, Indiana

October 4, 1948

"Chief of Police:

"We arrested one Eucla Thorp, for P. I. at Brackenridge & Lafayette Street and she appeared in City Court on Monday Morning, October 4, 1948. She was found Guilty by Judge Logan, Fined $5.00 and Costs. She asked Judge Logan to use the telephone. The judge told her to sit down and that she could use the telephone after court. She stood in front of the Judges Bench and talked very loud. The Judge again told her to set down and the Thorp woman got more disorderly, and therefore since no one approached to take care of this woman, and Judge Logan said to remove this woman, Officer Horn and I took this woman by the arm and as we led her from the Judges Bench out of the Court Room she became very loud stating she was an American citizen and wanted her American rights. We took her down the hall to the B. O. I. Room and she was still hollering. In the B. of I Room she jerked away and fell to the floor. (She was not touched or shoved). We asked Sergt. Paul Clark to go down stairs with us to the womens lock up where we turned her over to the Stationmaster. This woman voluntarily went down the steps and entered the womans cell, however, during her trip downstairs to the cell block she was very loud and disorderly.

"Officer Horn and I then came upstairs and reported to Acting Lieutenant Birkenbuel that we had escorted a woman from the court room to the cell block under orders of Judge Logan to remove this woman from the court room. Policewoman Bishop was setting in the court room in front of the Judges Bench, behind the desk, which is the answer we gave Acting Lieut. Birkenbuel, when he asked us where the Policewoman was.

"Signed: Officer Richard J. Fleischman
"Signed: Officer Richard W. Horn"

"Department of Police
Fort Wayne, Indiana

October 16, 1948

"Chief of Police:

"On Monday morning, October 4, 1948 at 7:55 A.M., I was instructed by Acting Lieutenant Birkenbeul to assist Richard Morton, Court Bailiff as he had 27 prisoners. Judge Logan had sentenced 11 men and I was ready to take them to the cellblock when I heard Judge Logan sentence a lady. This lady, after being sentenced created a scene and Judge Logan ordered her removed from the court room. After Judge Logan pleaded for someone to remove her from the court room Officers Fleischman and Horn took her from the Court Room. I, as a Sergeant was unable to talk to Policewoman Bishop because I had 11 prisoners in my care. Policewoman Bishop was setting in the rear of the Deputy City Clerk talking to a man during the testimony and sentencing of this case. In my opinion this was a neglect of duty on the part of Policewoman Bishop. After I had turned the 11 prisoners over to the Stationmaster I reported this incident to Acting Lieutenant Birkenbuel.

"Signed: Sergt. Bartels Watson

"Excerpt from minutes of the regular meeting of the Board of Public Safety held October 22, 1948, at 8:00 P.M.:"

The law of Indiana grants tenure status to members of the police force by the first sentence of ■ Section 48-6105, Burns' 1933 (1949 Supp.), as follows:

"Every member of the fire and police forces, including police radio operators and police signal and fire alarm operators, appointed by the mayor, the commissioners of public safety or the board of metropolitan police commissioners, shall hold office until they are removed by said board."

*State ex rel. Felthoff* v. *Richards et al.* (1932), 203 Ind. 637, 641, 180 N. E. 596.

Their removal from the position is provided for by the second and third sentences of said section as follows:

"They may be removed for any cause other than politics, after written notice is served upon such member in person or by copy left at his last and usual place of residence notifying him or her of the time and place of hearing, and after an opportunity for a hearing is given, if demanded, and the written reasons for such removal shall be entered upon the records of such board. On the conviction in any court of a member of the said fire or police force, including police radio operators and police signal and fire alarm operators, of any criminal offense, or upon a finding and decision of the board that any such member has been or is guilty of neglect of duty, or of the violation of rules, or neglect or disobedience of orders, or of incapacity, or absence without leave, or immoral conduct, or conduct injurious to the public peace or welfare or conduct unbecoming an officer, or other breach of discipline, such commissioners shall have power to punish the offending party by reprimand, forfeiture, suspension without pay, dismissal, or by reducing him or her to a lower grade and pay."

It will be noted that members of the police force may not be removed because of politics, and that "the written reasons for such removal shall be entered upon the records of such board." *State ex rel. Felthoff* v. *Richards, supra.* The written reasons charged against appellee as entered upon the records of the board, as shown by the transcript of the record made by the secretary of the Board of Public Safety is heretofore copied in this opinion.

It will be noted further that the causes for which a member of the police force may be dismissed or otherwise disciplined are specifically provided for in the third sentence of the statute, as follows: (1) conviction of a criminal offense, (2) neglect of duty, (3) violation of rules, (4) neglect or disobedience of orders, (5) incapacity, (6) absence without leave, (7) immoral conduct, (8) conduct injurious to the public peace or welfare, (9) conduct unbecoming an officer, (10) or other breach of duty. The charge made must be specific as to time, place, and the nature of the offense or offenses charged. In the instant case not one of the stautory reasons for discipline or dismissal was entered in writing upon the records of the board. The nearest approach to it is the written statement of Sergt. Bartels Watson copied above as follows: "Policewoman Bishop was setting in the rear of the deputy clerk talking to a man during the testimony and sentencing of this case. In my opinion this was a neglect of duty on the part of Policewoman Bishop."

This proceeding is both penal and remedial and is in the nature of a civil action. *State ex rel. Bradshaw* v. *Probate Court* (1947), 225 Ind. 268, 272, 73 N. E. 2d 769; *Indiana State Board etc.* v. *Davis* (1917), 69 Ind. App. 109, 118, 121 N. E. 142. It has been said that the term "penalty" might

be held to embrace all the consequences visited by law upon the heads of those who violate police regulations. It is capable of being construed to extend to all penalties whether exigible by the state in the interest of the community or by private persons in their own interest. 23 Am. Jur., Penalties, § 27, pp. 622-623.

> "It is a general rule of statutory construction that penal statutes are to be strictly construed. . . . They will not be construed to include anything beyond their letter, even though within their spirit. . . . While such a statute must be construed with such strictness as carefully to safeguard the rights of the defendant and at the same time to preserve the obvious intention of the legislature, the rule of strict construction is not violated by taking the common-sense view of the statute as a whole and giving effect to the object of the legislature, if a reasonable construction of the words permit it."

23 Am. Jur., Penalties, § 38, pp. 631, 632. *The State v. The Indiana and Illinois Southern Railroad Co.* (1892), 133 Ind. 69, 76, 32 N. E. 817. This is true even when the statute is remedial as well as penal.

Where the legislature creates a right and prescribes the method whereby the right may be enforced the statutory remedy so provided is exclusive. *Lang v. Scott* (1825), 1 Blckf. 405, 435, 12 Am. Dec. 257; *Ryan et al. v. Ray et al.* (1886), 105 Ind. 101, 106, 4 N. E. 214; *Wilmont v. City of South Bend* (1943), 221 Ind. 538, 543, 48 N. E. 2d 649; *Ettinger v. Robbins* (1945), 223 Ind. 168, 59 N. E. 2d 118; *Hinkle v. Howard* (1947), 225 Ind. 176, 178, 73 N. E. 2d 674, 675; *New York, Chicago and St. Louis Railroad Company v. Zumbaugh* (1895), 12 Ind. App. 272, 279, 39 N. E. 1058; *Board of Comrs. v. Adler et al.* (1922), 77 Ind. App. 296, 300, 301, 133 N. E. 602; *City*

*of Lebanon* v. *Dale* (1943), 113 Ind. App. 173, 176, 177, 46 N. E. 2d 269.

Since the statute which the appellant through its Board of Public Safety invoked in this case is both remedial and penal, it was the duty of the Board to bring its written charges clearly within the terms of the statute providing therefor. Appellee could be tried before the Board of Public Safety only upon "the written reasons . . . entered upon the records of such board." *State ex rel. Felthoff* v. *Richards, supra,* page 644. These reasons would have to be supported by some substantial evidence, but they could not be supplanted, enlarged or added to thereby. To ascertain the charge or charges she had to meet appellee was required only to examine and meet the written reasons entered upon the records of the Board of Public Safety. She should not be required to defend as to any charges other than those so entered in writing. An examination of the charges so entered in writing against appellee upon the records of such board fails to disclose anything said or done or omitted to be said or done by appellee that would justify either dismissal or discipline under the statute. *State ex rel. Shanks* v. *Com. Council, City of Washington* (1937), 212 Ind. 38, 42, 7 N. E. 2d 968; *City of Michigan City* v. *State ex rel. Seidler* (1937), 211 Ind. 586, 592, 5 N. E. 2d 968; *Coleman* v. *City of Gary* (1942), 220 Ind. 446, 455, 44 N. E. 2d 101.

The statute provides that a member of the police force "may be removed for any cause other than politics, after written notice is served upon such member in person or by copy left at his last and usual place of residence, notifying him or her of the time and place of hearing. The only thing re-

quired to be in the notice is *the time and place of hearing*. The notice given appellee in this case, omitting date, address and signature, is as follows:

"Dear Miss Bishop:

You are hereby notified that the Board of Public Safety of the City of Fort Wayne, Indiana has reviewed certain charges against you, as a member of the Police Force of the City of Fort Wayne as follows:

1. Neglect of duty.
2. Disobedience of orders.
3. Incapacity.
4. Absent without leave.
5. Conduct unbecoming an officer.
6. Misconduct.

"You are hereby notified that a hearing on said charges will be held by the Board of Public Safety on November 12, 1948 at 7:30 P.M. in the office of the Board of Public Safety, City Hall, Fort Wayne, Indiana, if such hearing is demanded by you in writing on or before November 8, 1948.

"Final disposition will be made by said Board of Public Safety on November 12, 1948 of the charges now filed against you."

It will be noted that this notice indicates that the Board of Public Safety had "reviewed" six charges, naming them in general terms. Not one of these charges had been entered upon the records of the board, and therefore appellee had no reason to believe that she would have to defend herself as to any one or all of them. The charges entered upon the records of the board could not be supplanted, extended or enlarged by the notice given appellee. Neither could the Board of Public Safety, agreeable with the statute under which it was acting, have a quasi Star Chamber

session without a sufficient written charge against appellee duly entered upon its records, hear evidence and then adjudge appellee guilty of offenses with which she had not been charged. Under the decisions of this court no cause is a legal cause unless it bears a legal relation to the policeman's fitness for holding the position, or his incapacity to discharge its duties. *Ex rel. Felthoff* v. *Richards* (1932), 203 Ind. 637, 641, 180 N. E. 596, *supra. Roth* v. *State ex rel.* (1902), 158 Ind. 242, 246, 262, 63 N. E. 460.

Heretofore, this court has well said:

> "It has long been recognized in this State that better police service is insured by police departments being free from political control and by the members of such departments having a tenure of office dependent only on their ability to perform and conscientious performance of their duties." *Coleman* v. *City of Gary* (1942), 220 Ind. 446, 455, 44 N. E. 2d 101, *supra.*

Appellant complains that the trial court erred "in holding that the burden of proof rested upon the appellant, . . . and in compelling the defendant to proceed with the evidence before any evidence had been adduced by the plaintiff below." Admitting evidence out of its order is always within the sound discretion of the trial court, and unless made to appear as an abuse of discretion is not error. *Miller et al.* v. *Dill et al.* (1898), 149 Ind. 326, 335, 49 N. E. 272; *Tinkle* v. *Wallace* (1906), 167 Ind. 382, 393, 79 N. E. 355, (cases cited); *Reddick* v. *Young* (1912), 177 Ind. 632, 638, 98 N. E. 813; *Croly* v. *Indianapolis Traction, etc. Co.* (1917), 63 Ind. App. 663, 665, 115 N. E. 105; *Chicago etc. R. Co.* v. *Barnes* (1918), 68 Ind. App. 354, 358, 119 N. E. 26; Bowers, *Judicial Discretion of Trial Courts* 452, § 447.

Since no lawful charges were filed against appellee, the order in which the trial court heard the evidence could not have been an abuse of discretion of which appellant may complain.

From the record in this case the trial court must have known that no legal hearing was ever had before the Board of Public Safety of appellant, and that its action dismissing appellee from the police force was wholly arbitrary and capricious. In this situation neither this court nor the trial court are concerned about what the evidence may have shown, since in no event could it be considered as having sustained charges that had not been filed and entered upon the records of the Board of Public Safety of the appellant.

This court will search the record for reasons to affirm the judgment of the trial court. The burden is on appellant to show reversible error by the record, as all presumptions are in favor of the judgments and rulings of the trial court. *Barksdale* v. *State* (1925), 196 Ind. 392, 394, 147 N. E. 765; *Trick* v. *Eckhouse* (1924), 82 Ind. App. 196, 200, 145 N. E. 587.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Jasper, C. J., not participating.

NOTE.—Reported in 92 N. E. 2d 544.