STATE OF INDIANA, EX REL., SZWEDA *v.* DAVIES ET AL.

[No. 24,435. Filed June 2, 1926.]

1. MUNICIPAL CORPORATIONS.—*Policeman not illegally dismissed without public hearing.*—Record of proceedings in connection with dismissal of a policeman *held* not to show that he was dismissed without a public hearing as required by §§10859, 10864 Burns 1926, §§8779, 8781 Burns 1914. p. 35.

2. MUNICIPAL CORPORATIONS.—*Action of board of safety in dismissing a policeman after a public hearing could not be controlled by mandamus.*—The action of a board of public safety in dismissing a policeman after a public hearing on charges filed with the board and entered of record as required by §§10859, 10864 Burns 1926, §§8779, 8781 Burns 1914, where the accused appeared with his attorney and witnesses, cross-examined the witnesses against him, and testified in his own behalf, cannot be controlled by mandamus. p. 35.

3. MUNICIPAL CORPORATIONS.—*Change of venue for an accused member of the police force not authorized.*—There is no provision of the law affording an accused member of the police force a change of venue from the board of public safety which has preferred charges against him and has given him notice to appear before the board for a hearing on such charges, although the board is biased and prejudiced against him. p. 38.

4. MUNICIPAL CORPORATIONS.—*Evidence held incompetent by mandate to compel reinstatement of policeman discharged for incompetency.*—The fact that a member of a board of public safety had expressed his opinion that a policeman was guilty of charges preferred against him, which were to be heard by the board, was not pertinent to the issue on a proceeding by mandate to compel his reinstatement, and evidence to that effect was properly rejected. p. 38.

From St. Joseph Superior Court; *J. Fred Bingham,* Judge.

Action of mandate on the relation of Joseph Szweda against William O. Davies and others, constituting the board of public safety of the city of South Bend, to compel his reinstatement as a member of the police force of said city. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*George L. Rulison* and *Walter R. Arnold,* for appellant.

*Lewis W. Hammond,* for appellees.

EWBANK, J.—This was an action of mandamus against the members of the board of public safety of the city of South Bend, Indiana, to compel the vacation of an order dismissing relator from the police force

of that city, and to require his reinstatement as a patrolman. Overruling his motion asking for a new trial for the alleged reasons that the decision is not sustained by sufficient evidence, and that relator was not given what he thinks was a public trial nor given a hearing before what he will admit was an impartial and unprejudiced board of triers, is assigned as error. Appellant cites and relies on decisions of this court which have held that where a member of the police force or a fireman was summarily dismissed by a board of public safety without a hearing and without any charges against him having been filed, his reinstatement could be compelled by mandamus. *Roth* v. *State, ex rel.* (1902), 158 Ind. 242, 253, 254, 63 N. E. 460; *Shira* v. *State, ex rel.* (1918), 187 Ind. 441, 444, 445, 119 N. E. 833. But he has cited no authorities, and we know of none, to the effect that mandamus will lie to set aside an erroneous decision of such a board upon a question of fact after a full hearing, at which the accused appeared with his attorney and witnesses, cross-examined the witnesses against him, and testified in his own behalf.

The statutes pursuant to which appellees in the case at bar assumed to act in dismissing relator from the police force, but which were held to have been violated by the summary dismissal of the respective relators in the cases cited above, read as follows: "The department of public safety shall be under the charge of a board of three commissioners to be appointed by the mayor of such city * * * Such commissioners shall have power, for cause assigned on a public hearing, and on due notice, according to rules to be promulgated by them, to remove or suspend from office, or for a definite period deprive of pay, any officer or member of such police force, except that detectives may be dismissed at any time by said commissioners, and

they shall have power to make general and special rules and regulations for the government and discipline of said force, and to make and promulgate general and special orders to said force.    *    *    *

"Every member of the fire and police forces, and all other appointees of the commissioners of public safety, shall hold office until they are removed by the board.   They may be removed for any cause other than politics, after an opportunity for a hearing is given, if demanded, and the written reasons for such removal shall be entered upon the records of such board.   *   *   * Upon any investigation of the conduct of any member of the fire or police force or upon the trial of any charge preferred against any member of either of such forces, such board of commissioners shall have power to compel the attendance of witnesses and the production of books, papers and other evidence, at any meeting of such board, and, for that purpose, may issue subpoenas and cause the same to be served and executed in any part of the county where such city is located.   *   *   *"   §§10859,   10864 Burns   1926, §§8779, 8781 Burns 1914, §1, Acts 1907 p. 168, §160, Acts 1905 pp. 219, 339.

The complaint in the case at bar alleged, in substance, that relator was and long had been a patrolman of the city of South Bend when the defendant board of public safety called him before it and asked him some questions, after which, it entered on its minutes a recital that it had so called "and questioned him regarding his failure to arrest two men carrying automobile tires on the night of March 5, 1922, whom he had met on LaPorte avenue," and that a motion at that time was adopted "that he be requested to resign as a member of the Police Department."   That some days thereafter, the defendant board gave relator a notice, in writing,

"that the following charges have been preferred against you while on duty as night patrolman: Charge, neglect of duty, mental incapacity and general incompetency. Specifications: Neglect of duty consists of officer failing to arrest two automobile tire thieves on the night of March 5, 1922. You are requested to appear before this board at our next regular meeting which will be held Friday evening, March 17, at 6:00 p. m." And that on March 24, 1924, "a hearing was had before the appellees as such board of public safety," when certain alleged evidence was heard, and that "after the hearing, the appellees pronounced judgment that they found relator guilty of the charges as they were preferred against him, and that he was dismissed from the police force." That afterward relator filed a motion for a rehearing before the board of public safety, but his motion was rejected. The evidence established all of the above allegations, together with the further facts that the date of the hearing was changed to March 24, by agreement, and that, at the conclusion of the hearing, the board entered on its records a statement that "after hearing the evidence at a public hearing of the charges, as provided by law, the said Joseph Szweda is now found by the said board to be guilty of neglect of duty and otherwise unfit as charged, and is ordered dismissed from the police force of the city of South Bend." There was no evidence to the contrary. It was also proved without dispute that, at the hearing before the defendant board, relator himself was called as a witness and was examined at considerable length by the city attorney and cross-examined by his own counsel, that four other witnesses called to sustain the charges were also examined by the city attorney and cross-examined by relator's counsel, and that five witnesses called by the defense were examined by his counsel, two of whom were cross-examined by the

city attorney. It was also shown that a stenographer was in attendance who took down all of this evidence in shorthand and transcribed it for relator, and there was evidence that representatives of two newspapers published in South Bend and several other persons were present during the entire hearing. But relator introduced evidence to the effect that of the two doors affording entrance to the audience chamber where the matter was heard, one leading directly into the corridor through which the witnesses were admitted one at a time, as they were called to testify, and other persons only as they knocked for admission, was fastened with a spring lock, and the other door, which remained open, led into the office of a captain of police, from which the corridor might be reached through a door not charged to have been locked. But there was no evidence that anybody who sought admission to the audience chamber was denied entrance except witnesses while awaiting their call to testify, or that relator asked for or even desired a more public hearing, or that any persons were hindered in obtaining entrance to the audience chamber except the witnesses kept waiting outside until called in to give their evidence. And it appeared that evidence was introduced as to the conduct of relator one evening when he met two men carrying automobile tires on their shoulders, near a place where he afterward found an automobile with a Michigan license, from which tires had been removed, and that his daughter had been making out his reports for him; and also evidence that certain writing which he did on request of the board while the matter was being heard was not legible.

This evidence falls short of establishing that the relator was summarily dismissed without a hearing, and without any charges against him having been made. On the contrary, it shows that

charges were made in writing, that there was notice in obedience to which the relator appeared with his attorney and witnesses, and a hearing attended by representatives of the newspapers and others, where a stenographer reported the proceedings on relator's behalf, and that the board entered upon its record a recital of the charge found to have been sustained, so that all possibility of secrecy as to the cause assigned for his removal was excluded. And that, at the hearing, he was given and took advantage of the privilege of testifying and being cross-examined by his own counsel, and of cross-examining and recross-examining the witnesses against him, and calling and examining witnesses in his own favor, in the presence of the newspaper reporters and of the stenographer who reported the testimony for him, so that there was no possibility of secrecy as to the evidence by which the charges were supported. And it is only because the witnesses were admitted one at a time, and the door through which they entered was kept fastened by a spring lock except when opened in answer to a knock or other signal that someone wished to enter, or when a witness was called in to testify, that relator claims it was not a public hearing. Besides which, he complains that the board reached what he insists was an erroneous decision as to the weight and effect of the evidence heard.

The board of public safety had express power and authority to remove a member of the police force for neglect of duty or incapacity after "cause assigned on a public hearing, and on due notice," as provided in the statutes set out above. And where the board duly heard the accused himself and the witnesses produced by him, together with the testimony of the witnesses against him and what was elicited from them by his attorney on cross-examination, and took action based

State, ex rel., *v.* Davies—198 Ind. 30.

upon a finding which it made and entered in its records immediately after the hearing was ended, the courts have no power in an action of mandamus to review the question whether or not a right conclusion was reached in holding the charges sustained. Relator cites more than one case from other jurisdictions in which, by *certiorari,* the record of such a hearing has been called before a court for review. But we have not been referred to any law of Indiana that permits a review upon *certiorari* of action taken by the board of public safety. And even if that were permissible, it has not been attempted in the case at bar. The statute which vests in the board of public safety authority to remove a member of the police force for any cause other than politics, upon assigning the reasons in writing and affording such member a public hearing upon due notice, necessarily gives the board power to decide whether or not the charges are established by evidence produced at such hearing, and the discretion exercised by it in making a decision is not subject to control by mandamus. *State, ex rel.,* v. *Board, etc.* (1907), 170 Ind. 133, 138, 83 N. E. 83; Throop, Public Officers §396. A hearing attended by an attorney representing the accused patrolman, a stenographer who took down in shorthand in his behalf the evidence for and against him, representatives of two newspapers seeking items of news for publication, and other persons, and at which the accused and all the witnesses he chose to call were examined, was so far a public hearing that the court could not declare it a nullity, where no showing was made or attempted to be made that anybody who sought admission, other than witnesses awaiting examination, was excluded from the room in which the matter was heard, or that the accused objected to what was done on the ground that the hearing was not sufficiently public.

The statute defining the powers and duties of the board of public safety provides that "such commissioners shall act only as a board, and no member thereof shall have power to bind the board, or the city, except pursuant to a resolution entered in the records of the board authorizing him to act in that behalf as its authorized agent." §10862 Burns 1926, §8780 Burns 1914, §159, Acts 1905 p. 219, 338. And there is no provision whatever in the law for affording an accused member of the police force a change of venue from the board or from any members of the board on account of bias or prejudice. The common-law rule that nobody may be a judge in his own cause does not apply where the members of the board of public safety are performing their official duties in deciding, as between a patrolman and the city they represent, the question whether or not charges against him of incompetency and neglect of duty are sustained and he shall be dismissed, or whether they are unproved and he may remain in the service and on the payroll of the city. The evidence indicating that before the hearing individual members of the board of public safety had expressed the belief that relator was guilty of the charges against him was properly rejected, as not being pertinent to the issue whether or not mandamus would lie to compel the reinstatement of relator by the members of the board, as constituting performance "of an act which the law specifically enjoins or a duty resulting from their office," which was the only cause of action outlined in his complaint on which the issue was joined. §1245 Burns 1926, §1225 Burns 1914, §2, ch. 223, Acts 1911 p. 541; *State, ex rel.*, v. *Scheiman* (1913), 179 Ind. 502, 504, 101 N. E. 713; *Steiger* v. *State, ex rel.* (1917), 186 Ind. 507, 512, 116 N. E. 913.

The judgment is affirmed.