## Board of Public Safety of the City of Indianapolis et al. *v.* State, ex rel. McGee et al.

[No. 24,753.   Filed December 22, 1926.   Rehearing denied June 20, 1928.]

*William Bosson* and *William T. Bailey*, for appellants.
*Claycombe & Stump*, for appellees.

Ewbank, J.—Arthur B. McGee and Harvey W. Bedford, relators, brought an action of mandamus in the name of the State of Indiana, as plaintiff, against the Board of Public Safety of the City of Indianapolis and its members, the appellants in this

court, as defendants, seeking to compel defendants to set aside an order dismissing relators from the police force in the city of Indianapolis, and to restore them to their former positions as police officers. A judgment was rendered to the effect that Bedford should be reinstated, but that McGee should not, and an appeal was taken. Each appellant has assigned as error that the trial court erred in overruling his motion for a new trial for the alleged reasons that the decision is not sustained by sufficient evidence and is contrary to law. Appellee Bedford has filed a motion to dismiss the appeal. But where notice to the appellees issued from the Supreme Court after the transcript was filed, and was duly served, it was not necessary to serve a notice on the clerk of the circuit court, as might be required in case notices were served below. §700 Burns 1926, §640 R. S. 1881, Ewbank, Manual of Practice (2d ed.) §155. And where the parties to the judgment below were all made parties to the appeal and named as such in the assignment of errors, the mere fact that one who ought to be an appellant was named as an appellee, or one named as an appellant ought to be an appellee, is not cause for dismissing the appeal. *Buchanan* v. *Morris* (1926), 198 Ind. 79, 151 N. E. 385. And mere defects or inaccuracies in a brief for appellants which shows an attempt in good faith to present questions for decision are not cause for dismissing the appeal, but only for disregarding matters thereby unsuccessfully attempted to be presented. The motion to dismiss the appeal is overruled.

It was alleged in both the complaint and the answer, and was proved without dispute by the evidence, that the chief of police filed with the Board of Public Safety charges in writing by which he accused each relator of neglect of duty and insubordination, in that they had obtained from three men and a boy information that a

certain named person had murdered a man at Indianapolis, and that they obtained a warrant for the arrest of the accused person, and, with the boy and men, went to his home, fifty miles away, and, after talking to him, decided that he was not the murderer, and thereupon returned without him, all without having reported their information to the captain of police then on duty, or to the supervisor of detectives, or to any of their superiors in the police department, as it was claimed the rules of the police department required them to do, and that they did not then nor afterward report the names of the men and the boy who gave the information on which they had acted, but refused to give their names. That these charges were set for hearing, and, a month after they were filed, the Board of Public Safety conducted a hearing, attended by relators in person and by their attorneys, at which evidence was heard, after which the matter was taken under advisement. And that, a week later, the board made the decision that relators were guilty, as charged, and entered the order dismissing them from the police force, which it is sought to mandate them to set aside and disregard. Overruling the motion for a new trial for the alleged reasons that the decision is not sustained by sufficient evidence and is contrary to law is assigned as error.

That under such circumstances, where the jurisdiction of the Board of Public Safety to decide whether or not the accused police officers had been guilty of the misconduct with which they were charged had been duly and lawfully invoked, mandamus would not lie to control and set aside their decision was decided, and all the questions of law presented by this appeal were fully passed on in a late case, on the authority of which, this judgment must be reversed as to appellee Bedford. *State, ex rel.,* v. *Davies* (1926), 198 Ind. 30, 152 N. E. 174.

132

Appellee has cited certain cases in which the action of municipal boards in removing police officers, upon being reviewed by certiorari, were set aside by the courts, and such action of the courts was upheld on appeal. But the cases cited are from the State of New York, where the Supreme Court had jurisdiction to issue writs of certiorari to municipal boards for the express purpose of reviewing their proceedings, somewhat after the manner of an appeal. And whatever rights the relators might or might not have if the action and decision of the Board of Public Safety were before the court for review by way of appeal or upon writ of error or certiorari, or otherwise, it is clear that mandamus will not lie to control the action of the board merely because it may have committed an error in the trial and decision of a matter which it had jurisdiction to try and decide.   *State, ex rel.,* v. *Davies, supra.*

The judgment is reversed as to the charges against appellee Bedford, with directions to sustain the motions for a new trial.