STIVER, TRUSTEE ET AL. *v.* STATE EX REL. KENT.

[No. 26,617. Filed May 22, 1936. Rehearing denied
April 1, 1937.]

*Harmon & Wider,* for appellants.

*Roy Deahl* and *Robert E. Proctor,* for appellee.

TREANOR, J.—Relator brought an action for mandate to compel appellants to reinstate him as a teacher in the public schools of Clinton School Township, Elkhart County, claiming to be a tenure teacher under the terms of the Teacher Tenure Law and to have been discharged in violation of such tenure law.

Appellants' demurrers to the complaint on the grounds of insufficient facts were overruled and an answer in general denial was filed. The cause was submitted to the court without a jury and the court found for and rendered judgment in favor of the relator. Appellants' motion for new trial was overruled. The errors assigned are that the court erred (1) in overruling the demurrers and (2) in overruling the motion for a new trial.

The first assigned error presents the same questions which were presented under the first error assigned by these appellants in the appeal taken in the case of *Stiver, Tr.* v. *State ex rel. Kent,* ante 370, decided by this Court on May 1, 1936. Upon the authority of that case we hold that the trial court did not err in overruling the demurrers to the complaint.

The grounds contained in appellants' motion for new trial and stated under Propositions and Authorities of appellants' brief, present the following points upon appeal:

1. No evidence was introduced in the trial below tending to show that the hearing held by the trustee was not in fact a fair hearing; and

2. Substantial evidence was introduced at the hearing before the township trustee to support the trustee's finding of the existence of one or more of the assigned causes for cancellation of relator's contract; therefore

3. The trial court's decision was not sustained by sufficient evidence and was contrary to law.

It is agreed that the hearing before the township trustee which resulted in the cancellation of relator's indefinite contract conformed to the procedural requirements of the Teachers' Tenure Law; and the record shows that evidence was heard upon that hearing and that relator was present at the hearing, in person and by counsel; that he cross-examined adverse witnesses

and testified upon the hearing and examined witnesses in his own behalf. The causes for dismissal specified in the notice given relator were: (1) Incompetency, (2) insubordination, (3) neglect of duty, (4) lack of co-operation, and (5) general public sentiment.

The transcript of the evidence introduced at the hearing before the trustee was made a part of the evidence in the trial of the action for mandate in the Elkhart Circuit Court. From the transcript it appears that the evidence which was introduced to support cancellation of relator's contract tended to establish substantially the following facts:

Relator was principal of the Clinton Township school located at Millersburg, Elkhart County. In 1927 the high school received a continuous commission. The school was inspected in the school year of 1928-1929 and because of crowded conditions its commission was reduced to an annual commission. At about Christmas, 1928, the township trustee, county superintendent of schools and relator reorganized the school under the platoon plan which provided for the teaching of pupils of the 7th and 8th grades by the high school faculty, thus reducing the number of pupils taught by the grade school teachers and relieving the crowded conditions which existed in the lower grades. This system remained in effect during the remainder of the school year and was intended to remain in effect during the next school year. Relator opposed the adoption of the plan, but it worked out successfully. The next fall the relator, without consulting the county superintendent or the township trustee, discontinued the platoon plan and restored the school to the organization in effect prior to the adoption of the platoon plan, although the crowded conditions in the lower grades again resulted. Relator opposed the making of an inventory of laboratory equipment, although he was informed that an in-

spector from the State Department of Public Instruction had directed that more equipment should be purchased. More equipment was thereafter purchased, but relator caused it to remain unopened and unused. Relator failed to fill out papers, which came to him as principal of the school, for the purpose of enabling the township to obtain refunds from the State on account of vocational courses given in the school. The relator referred to such matters as "red tape" and sent them to the trustee, saying that the trustee could take care of them if he wanted to. The trustee did so and secured the refunds for the school township. Relator also opposed a plan of the trustee which was suggested by a state inspector and which was designed to reduce the number of transfers of pupils from the Clinton Township School Corporation to other school corporations and to thus save at least one-half of the money paid out to other school corporations for transfers. Relator failed to catalogue the school library, although he was instructed by the county school superintendent to do so in accordance with orders received from the State Department of Public Instruction.

There was testimony which was in sharp conflict with the foregoing but we have set out only that which tended to support the action of the trustee in cancelling relator's contract.

An action of mandate by a teacher to compel the rescission of an order of cancellation of a contract and the reinstatement of the teacher does not afford a review of the weight and effect of the evidence upon which the administrative decision is based. If the procedural requirements are followed, including the assignment of a legal cause for cancellation, and if there is substantial evidence presented which tends to support the legal cause, and if the hearing is, in fact, fair, the proceeding is lawful; and the discretion of the

administrative officer or board cannot be reviewed by a court. The extent of and the limitation upon the power of courts to give relief in actions of mandate in a class of cases to which the instant case belongs, is indicated by the following statements of this court:

".  .  . and under the decision of this court no 'cause' is a legal cause unless it bears a reasonable relation to the policeman's or fireman's 'fitness for holding the office, or his incapacity to discharge the duties thereof.' (*Roth* v. *State ex rel., supra.*) On the other hand, unless a court can say that the cause assigned bears no reasonable relation to the fitness or capacity of the person on trial the judgment of the board of safety as to the validity of such cause will not be disturbed. Further, in an action for mandate, a court will not review a dismissal proceeding on the ground that the board of safety 'reached an erroneous decision as to the weight and effect of the evidence heard.' (*State ex rel.* v. *Davies* (1926), 198 Ind. 30, 36, 152 N. E. 174.) . . .

"In short, the courts will not correct errors of judgment made during a hearing by a board of safety in weighing evidence presented to support a 'cause' for dismissal of a policeman or fireman. But if the 'cause' assigned bears no reasonable relation to the accused's fitness or capacity to hold the position in question, or if there is no evidence to support a finding of 'cause' within the meaning of the statute as construed by this Court, or if the hearing, though regular in form, is in truth not a fair hearing, it is the plain duty of a court to declare void a dismissal under such circumstances, and to give relief in an action for mandate." *State ex rel. Felthoff* v. *Richards* (1932), 203 Ind. 637, 642, 644, 180 N. E. 596.

In the light of the foregoing discussion and principles we are compelled to conclude that the decision of the trial court was contrary to law. As already stated, the hearing conformed to all the procedural requirements of the Teachers' Tenure Law and there was substantial evidence tending to establish facts which would show the existence of legal

cause for dismissal. It is true, as pointed out by appellee, that "the evidence relied upon by appellants consists almost entirely of the testimony of the Township Trustee, before whom the hearing for discharge was conducted, and the County Superintendent, to whom the appeal from the Trustee had to be taken." But the probative force of this evidence was such that the trial court could not say as a matter of law that it was not sufficient to support a conclusion that the relator in fact had neglected his duties and had failed to co-operate with school officials. Appellee states in his brief that he does not contend that his dismissal came about as a result of fraud. He does claim, however, that he was arbitrarily dismissed and that there was a gross abuse of discretion on the part of the school authorities. But in the face of substantial evidence tending to establish the existence of legal cause for dismissal, a court can not say as a matter of law that there was an abuse of discretion. It was the duty of the trial court, while examining the evidence introduced in the hearing before the trustee, not to consider any supposed interest of the trustee or county superintendent in securing the cancellation of relator's contract. To do this would have been to enter into the question of the credibility of the county superintendent and trustee. It would have been proper for the trial court to consider independent evidence for the purpose of determining whether the hearing was, in fact, a fair hearing.

It is a close question whether the evidence failed to support the charge of insubordination. We can not say, however, that there was not sufficient evidence to support the charges of "neglect of duty" and "lack of co-operation." The latter cause is not one of the statutory causes which is expressly specified. But we think it is legal cause within the provision "other good and just cause." In accordance with our

holding in *State ex rel. Felthoff* v. *Richards, supra,* "other good and just cause" would include any cause which bears a reasonable relation to the teacher's "fitness or capacity to discharge the duties of his position." A court can not say as a matter of law that ability and willingness to co-operate are not reasonably related to the fitness or capacity of a teacher for the performance of his duties.

It was error for the trial court to overrule appellants' motion for a new trial. Judgment reversed with directions to the trial court to sustain appellants' motion for a new trial and for further proceedings not inconsistent with this opinion.

### ON PETITION FOR REHEARING.

TREANOR, J.—In his petition for a rehearing appellant urges the following considerations upon the court: (1) That much of the evidence upon which the trustee relied to support his action in cancelling relator's contract related to incidents which occurred prior to the last term of school which was taught by appellee; and (2) that the trial court was justified in concluding that the cancellation of relator's contract constituted "such a gross abuse of discretion upon the part of the trustee and superintendent as to require setting aside the dismissal of relator." It is true that some of the acts of relator which were relied upon by the trustee to support his action occurred prior to the school year 1929-30. But these acts were not so remote from and irrelevant to the charges against relator as to require their exclusion from consideration by the trustee. There was evidence before the trustee to support the charges of "neglect of duty" and "lack of co-operation"; and enough of this evidence related to conduct of the relator during the year 1929-30 to constitute substantial

evidence of "neglect of duty" and "lack of co-operation" during that year.

Appellee insists that our refusal to affirm the judgment of the trial court is in effect to reverse "the line of decisions holding that if school authorities in dismissing a teacher acted in bad faith, arbitrarily, fraudulently, or in gross abuse of their discretion, their action is reviewable by the courts." And in support of the foregoing statement appellee cites *School City of Elwood* v. *State ex rel. Griffin et al.* (1932), 203 Ind. 626, 180 N. E. 471; *School City of Crawfordsville* v. *Montgomery* (1935), 99 Ind. App. 526, 187 N. E. 57.

We see nothing in our opinion to justify appellee's foregoing construction of our decision. A hearing before a township school trustee obviously does not meet the common law and constitutional requirements of a judicial hearing. But when a statute is the sole source of the character and form of a hearing, courts cannot impose additional requirements and cannot draw adverse inferences of fact from the nonjudicial character or form of the hearing. Consequently the trial court was not free to draw the inference that the decisions of the trustee and the county superintendent were arbitrary or that the hearing was unfair simply from the fact that most of the evidence before the trustee was the "testimony of the trustee, before whom the hearing for the discharge was conducted, and the county superintendent, to whom the appeal from the trustee had to be taken." (Appellee's brief.) If the "cause" assigned is a legal cause, if the hearing is regular in form, and if there is substantial evidence to support the charge, the trustee's decision cannot be set aside by a court in an action of mandate. But the foregoing does not deny the power of the trial court to hear evidence for the purpose of determining whether an administrative hearing, though regular in form, is in

truth a fair hearing. And we stated in our original opinion in this case that "it would have been proper for the trial court to consider independent evidence for the purpose of determining whether the hearing was, in fact, a fair hearing."

Petition for a rehearing is denied.