SHIRA ET AL. v. STATE OF INDIANA, EX REL. HAM ET. AL.

[No. 23,164. Filed June 4, 1918.]

1. MANDAMUS.—*Joinder of Parties.*—In an action in mandamus to vacate an order of the board of police commissioners dismissing the relators from the police force, and to procure their reinstatement, the relators have a common interest in setting aside the general order of dismissal, even though their several interests that might follow and depend on a favorable determination of the principal issue would be separate and distinct, which fact was sufficient to authorize a joint action. p. 444.

2. MUNICIPAL CORPORATIONS.—*Police Officers. — Term.* — Police officers in cities whose police departments are governed by §9034a Burns 1914, Acts 1911 p. 117, have a fixed tenure of office, since the statute provides that, when appointed, they "shall serve during good behavior." p. 444.

3. MUNICIPAL CORPORATIONS.—*Police Officers.—Fixed Tenure.— Dismissal.*—A police officer who has a fixed tenure is subject to dismissal only for cause, after a public hearing, except where the order of dismissal is made in good faith to reduce the force for economic reasons. p. 444.

4. MANDAMUS.—*Dismissal of Police Officers.*—*Sufficiency of Complaint.*—A complaint charging that police officers were dismissed by the board of police commissioners for causes assigned on the grounds of economy and efficiency, but that said assigned causes were false, that the relators were in fact removed to make room for friends of the commissioners and without other cause, was sufficient in mandamus to compel the vacation of the order dismissing such police officers and to procure their reinstatement. p. 445.

5. MANDAMUS.—*Appeal.*—*Joint Judgment.*—*Effect.*—In a mandamus proceeding by relators to vacate an order dismissing them from the police force of a city and to procure their reinstatement, the judgment of the court which was joint as to all as to their right of reinstatement, must stand, under the record presented, if good as to any. p. 445.

6. APPEAL.—*Questions of Fact.*—*Review.*—Where the evidence is sufficient to convince the Supreme Court that the judgment of the trial court is not wholly without support on any material issue, the Supreme Court is not warranted in reviewing the judgment. p. 446.

7. APPEAL.—*Harmless Error.*—*Admission of Evidence.*—The admission of irrelevant testimony that has little, if any, probative force is not reversible error where there is nothing to indicate that the complaining party was or could have been harmed by its introduction, particularly where the issues were tried by the court without a jury, and the decision does not depend on the incompetent evidence for its support. p. 446.

From Wabash Circuit Court; *A. H. Plummer*, Special Judge.

Action by the State of Indiana, on relation of Avery G. Ham and others, against Milton E. Shira and others, as members of the board of police commissioners of the city of Marion. From a judgment for the relators, the defendants appeal. *Affirmed.*

*Verling W. Davis* and *Warren G. Sayre*, for appellants.

*Harry E. Roberts, Frank O. Switzer, Walter S. Bent* and *John A. Kersey*, for appellees.

SPENCER, J.—This action was instituted by the relators, in the name of the state, for the purpose of com-

pelling the members of the board of police commission-
ers of the city of Marion to vacate a certain order en-
tered by such board dismissing the relators from the
police force of said city, and to procure their reinstate-
ment as members of that force.

The complaint charges in substance that each of
the relators was dismissed from the service of the city
without previous notice and without reason, except to
make room for the appointment of other persons to the
police force; that such other persons were in fact ap-
pointed in the places of the relators and are now acting
in their stead and receiving the salaries to which they
are rightfully entitled; that no charges or accusations
of any kind were made against the relators, or either of
them, and that none of said relators was in any respect
incompetent or unwilling to perform the duties of his
office; that shortly after their said dismissal, and for
the purpose of giving color thereto, the board of police
commissioners caused to be delivered to the relators a
certain written instrument in which it was stated that
the board had determined that the police force should be
reduced, through the dismissal of the relators, in the in-
terests of economy and efficiency, and fixed a day for a
hearing on such notice; that after said hearing the board
of commissioners caused to be delivered to the relators
another written instrument, purporting to be a copy of
a certain order entered on its records by said board, in
which it was found that the causes set out in the notice
above referred to should be sustained and the police
force of the city of Marion reduced through the dis-
missal of the relators therefrom; that said pretended
assignment of causes and said order of dismissal were
each false and known by the board to be false; that the
police force was not in fact reduced in number, and
that the board had no intention of reducing the same
at the time the relators were dismissed from the serv-

ice. The prayer asked for the vacation of the pretended order of dismissal and for the reinstatement of the relators as members of the police force.

On appeal from a judgment granting the relief prayed for, appellants first contend that the relators do not have a joint interest in the subject-matter of

1. the suit and that the demurrer to the complaint should therefore have been sustained. There can be no doubt, however, that said relators have a common interest in setting aside the general order of dismissal as it appears on the records of the police commission, even though their several interests which might follow and depend on a favorable determination of the principal issue would be separate and distinct. That fact is sufficient to authorize them to maintain a joint action, and renders the complaint good as against the first ground of the demurrer. *State, ex rel.* v. *Mount* (1898), 151 Ind. 679, 681, 51 N. E. 417, 52 N. E. 407; *State, ex rel.* v. *Mayor* (1891), 43 La. Ann. 92, 110, 8 South. 893; *State, ex rel.* v. *Kendall* (1906), 44 Wash. 542, 544, 87 Pac. 821; *Hughes* v. *Outlaw* (1916), 197 Ala. 452, 73 South. 16.

Appellants' next assertion is that the complaint, considered on its merits, does not state a cause of action, but we are unable to agree with this contention.

2. The police department of the city of Marion, as the complaint shows, is governed by the provisions of §9034a Burns 1914, Acts 1913 p. 117,

3. and its members, when appointed, "shall serve during good behavior." Their term of office is thus a fixed tenure within the meaning of the law (*Roth* v. *State, ex rel.* [1901], 158 Ind. 242, 264, 63 N. E. 460), and as a general proposition they are not subject to be dismissed from the service except for cause, and then after a hearing on proper notice. This rule is subject to the exception, however, that the membership of the

police department may be reduced for economic reasons, and a dismissal on that ground does not violate the rights of the officer. 28 Cyc 512, and authorities cited. At the same time, this power to reduce the force on the ground of economy must be exercised in good faith, and where it appears that the dismissal was for the ultimate and actual purpose of creating a vacancy, and thus permitting the appointment of another person to a position on the force, the discharged member is entitled to relief. *Roth* v. *State, ex rel., supra; State, ex rel.* v. *Schumaker* (1875), 27 La. Ann. 332; *State, ex rel.* v. *Edwards* (1910), 40 Mont. 287, 309, 106 Pac. 695, 20 Ann. Cas. 239; *State, ex rel.* v. *Duncan* (1914), 49 Mont. 54, 59, 140 Pac. 95.

Appellants earnestly contend that the complaint under consideration shows that the relators were dismissed by the board of commissioners because of the reduction of the police force on the grounds of economy and efficiency. It is true that such reasons appear to have been given for the action of the board, but the complaint further charges, and the demurrer admits, that said assignment of causes as given by the police commission was false and untrue, and was made for the purpose of giving color to their illegal action; that the relators were in fact dismissed from the service in order to make room for friends of the commissioners and without other cause or justification. Clearly the complaint is sufficient under the authorities above cited.

The remaining questions arise out of the action of the circuit court in overruling appellants' motion for a new trial; and under this assignment it is first contended that the evidence is insufficient to sustain the decision of the lower court, either as to the lack of good faith on the part of the board of commissioners in entering the order of dismissal, or as to the right of the several relators to be reinstated as mem-

bers of the police force. The decision and judgment of the court on the latter issue is joint as to all and, under the record as presented, it must stand if good as to any. The entire question, however, is one of fact, and a careful reading of the evidence, which is voluminous and conflicting, is sufficient to convince that the decision of the trial court is not wholly without support on any material issue. Under such circumstances we are not warranted in reviewing that decision. *Portland, etc., Mach. Co.* v. *Gibson* (1905), 184 Ind. 342, 346, 111 N. E. 184.

Finally, it is asserted that the court erred in permitting one of the relators to testify as to a conversation which he had with the mayor of the city shortly after his dismissal from the police force. If we assume, as appellants insist, that this evidence did not tend to prove any issue before the court, and should not have been received, that concession would not be of controlling importance here. The admission of irrelevant testimony which has little, if any, probative force does not constitute reversible error where there is nothing to indicate that the complaining party was, or could have been, harmed by its introduction, particularly where the issues were tried by the court without the intervention of a jury, as in this case, and the decision does not depend on the incompetent evidence for its support. *Reddick* v. *Young* (1912), 177 Ind. 632, 638, 98 N. E. 813; *Sparks* v. *Heritage* (1873), 45 Ind. 66; *Bowers* v. *Headen* (1853), 4 Ind. 318, 321; *Maxwell* v. *Shirts* (1901), 27 Ind. App. 529, 533, 61 N. E. 754, 87 Am. St. 268; *National, etc., Ins. Co.* v. *Whitacre* (1896), 15 Ind. App. 506, 509, 43 N. E. 905; 4 C. J. 999, §2982.

No error appearing, the judgment of the circuit court is affirmed.

Elsey *v*. Fidelity, etc., Co.—187 Ind. 447.

NOTE.—Reported in 119 N. E. 833. Officers, wrongful removal, remedy, 135 Am. St. 260. See under (2, 3) 28 Cyc 503, 512; (1) 26 Cyc 408. Who may join as relators in mandamus, Ann. Cas. 1912B 420.