STATE EX REL. FELTHOFF *v.* RICHARDS ET AL.

[No. 25,404.   Filed April 7, 1932.   Rehearing denied July 1, 1932.]

*Frank C. Riley, Fox & Price* and *Hottel & Patrick,* for appellant.

*Miller Davis, Clay A. Phillips, Charles A. Crawford* and *Leonard P. Kincade,* for appellees.

TREANOR, J.—The relator, Jesse Felthoff, in the name of the State, brought his action for mandate in the Superior Court of Vigo county to mandate the appellees, constituting the Board of Public Safety of the city of Terre Haute, "to set aside and vacate an alleged unlawful, arbitrary, fraudulent and void order of said Board, discharging the relator from the police force of said city, and to reinstate said relator as a police officer in the police force of said city."

Issues of law were formed by demurrer to the amended complaint, the grounds of demurrer being (1) that the Superior Court had no jurisdiction of the subject matter of the action and (2) that the complaint did not state facts sufficient to constitute a cause of action for mandate.

The trial court sustained the demurrer and upon relator's refusal to plead further judgment was entered

for the defandant. The error relied upon in this appeal is that the court erred in sustaining the demurrer to the amended complaint.

We do not think appellee's first ground of demurrer is tenable. As we construe the leading allegations of the complaint, it is an action for mandate, and, by statute (§§1244, 1631 and 1640 Burns Ann. Ind. St. 1926) the Vigo Superior Court is given jurisdiction of that class of cases; but noticing appellees' contention it would seem that they are laboring under the impression that insufficiency of facts in a complaint affects jurisdiction. This is not true. Lack of jurisdiction of subject matter contemplated by the statute (§362, cl. 1, Burns Ann. Ind. St. 1926) as grounds for a demurrer, means that the court does not have jurisdiction of the general subject or of a general class of cases to which the particular case belongs. (*McCoy* v. *Able et al.,* 131 Ind. 417; 30 N. E. 528.) The gist of appellees' objection on this ground seems to be that the appellant's complaint amounts to an appeal from the action of the Board of Safety and for this reason the Vigo Superior Court is without jurisdiction. We quite agree with appellees that there can be no appeal from the action of the Board of Public Safety to the courts; but having determined that this is not an appeal but an action in mandate, our further consideration must be directed to whether or not the complaint states facts sufficient to constitute a cause of action, which is the second ground of demurrer.

In considering this question we must, of course, take as true all facts well pleaded, and if these facts show that relator was dismissed without cause or a proper hearing, within the meaning of the statute (§§10859 and 10864, Burns Ann. Ind. St. 1926) as construed by this Court, then the trial court erred in sustaining the demurrer.

The police department of the city of Terre Haute is under the control of a Board of Public Safety and such board has power to dismiss a member of the police force, but only for "cause, other than politics, after an opportunity for a hearing," etc. (§10864, Burns, *supra*).

"If, as declared, they cannot be removed except for cause other than politics, it is reasonable to assume from the language or terms employed in the statute that the legislature intended that they should hold their positions during good behavior, unless physically incapacitated from discharging the legitimate duties thereof." *Roth* v. *State, ex rel.*, 158 Ind. 242, 252; 63 N. E. 460.

"The statute declares in .general terms that the removal must be for cause and, this, as the authorities affirm, necessarily and reasonably implies that the cause intended is to be some dereliction or general neglect of duty, or some delinquency affecting the general character of the officer, or his fitness for holding the office, or his incapacity to discharge the duties thereof. Mechem on Public officers, §457; *People* v. *Fire Commissioners*, 72 N. Y. 445; *People* v. *Fire Commissioners*, 73 N. Y. 437." *Roth* v. *State, ex rel., supra.*

"Their term of office is thus a fixed tenure within the meaning of the law (*Roth* v. *State, ex rel.* (1901), 158 Ind. 242, 264; 63 N. E. 460) and as a general proposition they are not subject to be dismissed from the service except for cause, and then after a hearing on proper notice." *Shira* v. *State, ex rel.*, 187 Ind. 441, 444; 119 N. E. 833.

The General Assembly has recognized the sound public policy of retaining in the public service policemen and firemen who have become increasingly valuable by reason of their experience and has, by statute, assured these public servants an indefinite tenure of position during good behavior and satisfactory performance of their duties. In order to protect this tenure of position the General Assembly has provided for a hearing on

proper notice for a policeman or fireman under charges. The hearing required by law is a fair hearing, one conducted in good faith and dominated solely by a desire to determine the fitness of the person under charges. Further, the notice must apprise the accused of the acts of dereliction or personal defects which constitute the "cause." The purpose of the notice is not merely to inform of the time and place of the proposed hearing, but also to disclose the particular act or acts of delinquency or the particular defect constituting incompetency. If the relator was dismissed without "cause" or if he was dismissed without a fair hearing, then his dismissal was illegal; and if his complaint shows on its face that he was dismissed without cause, or without a fair hearing, the trial court erred in sustaining the demurrer to relator's complaint.

Appellees correctly state the law, as abstract propositions, when they quote from various decisions to the effect that the boards of safety have authority to remove members of the police force for neglect of duty or incapacity and that courts will not by mandate control "the exercise of judicial power or discretion in an inferior tribunal"; and that "mandamus will not lie to control the action of the board merely because it may have committed an error in the trial and decision of a matter which it had jurisdiction to try and decide." In short, the courts will not correct errors of judgment made during a hearing by a board of safety in weighing evidence presented to support a "cause" for dismissal of a policeman or fireman. But if the "cause" assigned bears no reasonable relation to the accused's fitness or capacity to hold the position in question, or if there is no evidence to support a finding of "cause" within the meaning of the statute as construed by this Court, or if the hearing, though regular in form, is in truth not a fair hearing,

it is the plain duty of a court to declare void a dismissal under such circumstances, and to give relief in an action for mandate. The statute creates a tenure of position and gives each policeman and fireman a legally protected interest in this tenure and courts will safeguard this interest as carefully as if it were a legally protected contract or property interest. Courts do not hesitate to set aside deeds or contracts upon a showing that their execution was tainted with illegality; and a policeman or fireman who has been illegally dismissed is as much entitled to have such dismissal set aside as a grantor is entitled to have a deed cancelled which he was induced to execute by reason of fraud. Unless this be true, a board of safety, if so inclined, could nullify the statute.

Appellees' brief contains the following proposition:

(1) "A police officer may be removed for any cause other than politics upon charges filed, due notice, public hearing and an order entered on the records of the board. If these requirements are met, the decision is final. If there is no stautory appeal it necessarily follows that the judicial discretion exercised in the course of the proceedings cannot be reviewed by other courts."

The meaning of this excerpt seems to be that if a board of safety follows the formal procedure required by the statutes that its action cannot be questioned. The formal procedure is required as a protection to the one under charges and is not primarily to foreclose judicial review of the legality of the board's action. The courts will not control the decisions of the board if these decisions rest upon a sound discretion. There is no mystery in this problem. Any one of common understanding knows that the General Assembly intended to stop the indiscriminate dismissal of firemen and policemen each time there should be a change in political control of a city administration. To give effect to this purpose the statute requires that a dismissal must be for cause;

and to further protect the person under charges he is entitled to have a hearing and to have "the written reason for such removal" entered upon the records of the board. The statute forbids "politics" being considered a "cause"; and under the decisions of this court no "cause" is a legal cause unless it bears a reasonable relation to the policeman's or fireman's "fitness for holding the office, or his incapacity to discharge the duties thereof." (*Roth* v. *State, ex rel., supra.*) On the other hand, unless a court can say that the cause assigned bears no reasonable relation to the fitness or capacity of the person on trial the judgment of the board of safety as to the validity of such cause will not be disturbed. Further, in an action for mandate, a court will not review a dismissal proceeding on the ground that the board of safety "reached an erroneous decision as to the weight and effect of the evidence heard." (*State, ex rel.,* v. *Davies* (1926), 198 Ind. 30, 36; 152 N. E. 174.) It is elementary that subordinate tribunals performing judicial duties "cannot be compelled to discharge them in a manner dictated to them by a court of superior jurisdiction." (*State, ex rel. Reynolds, etc.,* v. *The Board of Commissioners* (1874), 45 Ind. 501, 507.) When used in this sense the statement that the discretion or judgment of the board is not subject to review is correct.

But the relator did not ask the trial court to compel the board of safety to decide that the relator was a competent policeman and should not be dismissed. The relator wanted the trial court to order the board of safety to vacate its order of dismissal and to reinstate the relator, purely ministerial acts which it was the clear legal duty of the board to perform if the relator's hearing and dismissal were not according to law. And under the decisions of this state the trial court had the power to review the action of

the board for the purpose of determining whether it acted within the law; and if relator's complaint alleged facts sufficient to show that his hearing was not in compliance with statutory requirements it was error to sustain appellees' demurrer.

Appellees urge that appellant-relator's complaint showed on its face "that all statutory requirements of a proper trial were met"; that the complaint "stripped of adjectives and conclusions, amounts to this: appellant as a police officer, was innocent, but after notice and trial was removed by an erroneous decision of a biased and prejudiced court." The complaint does show on its face that the formal requirements of a proper trial were met but the allegations of fact negative the possibility of a fair hearing; and in passing upon the alleged error of the trial court in sustaining the demurrer we must accept the allegations of fact as true and consider and hold the conclusions to be the allegations of all the facts required to sustain them (§360, Burns Ann. Ind. St. 1926). Among other things the complaint alleged that the defendants, actuated solely by "prejudices, politics and by personal or selfish motives," . . . "unlawfully and fraudulently confederated and conspired together to prefer charges against this relator"; that in furtherance of this "unlawful and fraudulent design or conspiracy" they caused "false and untrue charges to be preferred or filed against the relator"; that the finding and order of the board "was not warranted by any evidence at the said pretended hearing and the same was unlawfully, arbitrarily and fraudulently and in bad faith made as a mere matter of form . . ."; that "prior and also at the time of said pretended hearing, the defendant announced, declared and expressed that it would be useless and unavailing for relator to make any defense to said charges, and that it would be useless

and unavailing for relator to introduce any evidence at said pretended hearing for the reason that it was the intention of said board to dismiss him, the relator, from the police force or department; that said order is not the result of a bona fide hearing upon bona fide charges; but is an unlawful, fraudulent and arbitrary finding and order made and entered solely for the purpose of protecting the defendants as the Board of Safety in the unlawful and fraudulent design, connivance or conspiracy to dismiss or remove relator from the said police force or department and is in no manner, the result of a bona fide, faithful and proper exercise of the sound discretion vested by the law in the said defendants when sitting as a proper board or tribunal for the hearing of charges regularly filed or preferred against a member of the police force . . ."

In *Shira* v. *State* the relators had instituted suit in the name of the State to compel a board of police commissioners to vacate an order of dismissal and to reinstate relators as members of the police force. On appeal from a judgment granting the relief prayed for the appellants contended that the complaint did not state a cause of action. We approve as pertinent to the instant appeal, the following statement from the opinion in that case:

"Appellants earnestly contend that the complaint under consideration shows that the relators were dismissed by the board of commissioners because of the reduction of the police force on the grounds of economy and efficiency. It is true that such reasons appear to have been given for the action of the board, but the complaint further charges, and the demurrer admits, that said assignment of causes as given by the police commission was false and untrue, and was made for the purpose of giving color to their illegal action; that the relators were in fact dismissed from the service in order to make room for friends of the commissioners and without other cause or justification. Clearly the

complaint is sufficient under the authorities above cited." *Shira* v. *State, ex rel.,* 187 Ind. 441, 445; 119 N. E. 833.

We hold that the trial court committed error in sustaining the demurrer to relator's complaint. Judgment reversed with instructions to overrule the demurrer and for further proceedings not inconsistent with this opinion.