DONALD E. ATKINS, ET AL. *v*. BYRON E. KLUTE, MAYOR OF THE
CITY OF RICHMOND, INDIANA ET AL.

[No. 1-375A.57. Filed May 18, 1976.]

*John C. Ruckelshaus, Rex P. Killian, Ruckelshaus, Bobbitt & O'Connor,* of Indianapolis, for appellants.

*Robert L. Reinke,* City Attorney, of Richmond, for appellees.

LYBROOK, J.—Plaintiffs-appellants Atkins *et al.* appeal from a judgment in favor of defendants-appellees Klute *et al.* on plaintiffs' complaint for declaratory judgment and mandate. The following issues are presented for review:

(1) Whether firemen employed by the city of Richmond could lawfully be dismissed from their employment on January 1, 1973, for economic reasons.

(2) Whether there was sufficient evidence to support the judgment.

The record reveals that prior to January 1, 1973, plaintiffs were employed by the Fire Department of the City of Richmond. On that day plaintiffs were discharged from their positions by operation of an appropriation ordinance passed on

August 28, 1972, by defendant Common Council of the City of Richmond. The sole reason given by defendants for plaintiffs' termination was economy.

On September 11, 1972, plaintiffs, then being aware of their pending dismissals, filed a complaint for declaratory judgment and mandate seeking *inter alia* to have the appropriation ordinance of August 28, 1972, declared invalid as it pertained to the discharge of firemen for economic reasons. Plaintiffs maintained at trial, as they do on appeal, that the provisions of the ordinance terminating firemen for economic reasons were invalid in that they contravened the so-called "Firemen's Civil Service Law" found at IC 1971, 18-1-11-1 *et seq.* (Burns Code Ed.) and the case law interpreting the same.

During the course of the proceedings in the trial court, partial summary judgment was rendered on December 27, 1972, in favor of defendants declaring that dismissal of firemen for reasons of economy alone was not unlawful, provided that the action was in good faith. Trial was eventually had on other issues, and judgment was rendered in favor of defendants.

## I.

Initially, plaintiffs challenge the propriety of the partial summary judgment, maintaining that the law is well settled that the tenure granted to firemen by IC 1971, 18-1-11-3 (Burns Code Ed.) forbids firing without just cause. Moreover, plaintiffs argue that economic reasons are not just cause. The statute cited by plaintiffs provides:

"Every member of the fire and police forces, including police radio operators and police signal and fire alarm operators, appointed by the mayor, the commissioners of public safety or the board of metropolitan police commissioners, shall hold office until they are removed by said board. They may be removed for any cause other than politics, after written notice is served upon such member in person or by copy left at his last and usual place of residence notifying him or her of the time and place of hearing, and after an opportunity for a hearing is given, if demanded, and the written reasons

for such removal shall be entered upon the records of such board. On the conviction in any court of a member of the said fire or police force, including police radio operators and police signal and fire alarm operators, of any criminal offense, or upon a finding and decision of the board that any such member has been or is guilty of neglect of duty, or of the violation of rules, or neglect or disobedience of orders, or of incapacity, or absence without leave, or immoral conduct, or conduct injurious to the public peace or welfare or conduct unbecoming an officer, or other breach of discipline, such commissioners shall have power to punish the offending party by reprimand, forfeiture, suspension without pay, dismissal, or by reducing him or her to a lower grade and pay. . . ."

In *State ex rel. Felthoff* v. *Richards* (1932), 203 Ind. 637, 180 N.E. 596, our Supreme Court discussed this statute at length:

"The General Assembly has recognized the sound public policy of retaining in the public service policemen and firemen who have become increasingly valuable by reason of their experience and has, by statute, assured these public servants an indefinite tenure of position during good behavior and satisfactory performance of their duties. In order to protect this tenure of position the General Assembly has provided for a hearing on proper notice for a policeman or fireman under charges.

"The hearing required by law is a fair hearing, one conducted in good faith and dominated solely by a desire to determine the fitness of the person under charges. Further, the notice must apprise the accused of the acts of dereliction or personal defects which constitute the 'cause.' The purpose of the notice is not merely to inform of the time and place of the proposed hearing, but also to disclose the particular act or acts of delinqency or the particular defect constituting incompetency. If the relator was dismissed without 'cause' or if he was dismissed without a fair hearing, then his dismissal was illegal; and if his complaint shows on its face that he was dismissed without cause, or without a fair hearing, the trial court erred in sustaining the demurrer to relator's complaint.

"Appellees correctly state the law, as abstract propositions, when they quote from various decisions to the effect that the boards of safety have authority to remove members of the police force for neglect of duty or incapacity and that

courts will not by mandate control 'the exercise of judicial power or discretion in an inferior tribunal'; and that 'mandamus will not lie to control the action of the board merely because it may have committed an error in the trial and decision of a matter which it had jurisdiction to try and decide.' In short, the courts will not correct errors of judgment made during a hearing by a board of safety in weighing evidence presented to support a 'cause' for dismissal of a policeman or fireman. But if the 'cause' assigned bears no reasonable relation to the accused's fitness or capacity to hold the position in question, . . . it is the plain duty of a court to declare void a dismissal under such circumstances, and to give relief in an action for mandate. The statute creates a tenure of position and gives each policeman and fireman a legally protected interest in this tenure and courts will safeguard this interest as carefully as if it were a legally protected contract or property interest. Courts do not hesitate to set aside deeds or contracts upon a showing that their execution was tainted with illegality; and a policeman or fireman who has been illegally dismissed is as much entitled to have such dismissal set aside as a grantor is entitled to have a deed cancelled which he was induced to execute by reason of fraud. Unless this be true, a board of safety, if so inclined, could nullify the statute."

Relying on *Felthoff* and other decisions advancing similar propositions, plaintiffs maintain that economic reasons cannot be considered just cause for discharge under the statute. In our opinion, however, it is not necessary that we determine whether just cause for discharge under the statute includes economic reasons. Rather, in *City of Indianapolis* v. *State ex rel. Kennedy* (1947), 224 Ind. 600, 70 N.E.2d 635, a case decided 15 years after *Felthoff,* our Supreme Court unanimously declared that economic reasons are an *exception* to the general rule that policemen and firemen are not subject to discharge except for just cause. The *Kennedy* court stated:

"The appellant city was well within its rights to dismiss the appellee from the fire department for economic reasons. Speaking of the discharge of a policeman this court in the case of *Shira* v. *State ex rel.* (1918), 187 Ind. 441, 119 N.E. 833 said:

" '. . . as a general proposition they are not subject to be dismissed from the service except for cause, and then after a hearing on proper notice. This rule is subject to the exception, however, that the membership of the police department may be reduced for economic reasons, and a dismissal on that ground does not violate the rights of the officer. 28 Cyc. 512, and authorities cited. At the same time, this power to reduce the force on the ground of economy must be exercised in good faith, and where it appears that the dismissal was for the ultimate and actual purpose of creating a vacancy, and thus permitting the appointment of another person to a position on the force, the discharged member is entitled to relief.'

"There is no evidence in the case before us which remotely indicates that the action of said board of public safety was not exercised in good faith nor that the action of said board was not taken for the sole purpose of reducing the force for economic reasons. . . ."

Since *Kennedy* has been neither overruled nor modified by any subsequent decision, it is dispositive of plaintiffs' first issue on appeal. We therefore hold that the trial court did not err in granting partial summary judgment declaring economic reasons to be an exception to the general rule that plaintiffs could not be dismissed except for just cause pursuant to IC 1971, 18-1-11-3, *supra*.

## II.

Secondly, plaintiffs argue that the evidence presented at trial was not sufficient to support the judgment. They argue that the evidence revealed that the reason for plaintiffs' dismissal was cost savings which, according to plaintiffs, does not constitute economic reasons.

In our opinion, plaintiffs bore the burden of proof at trial on the issue of improper dismissal. Thus, their appeal on that issue is from a negative finding and may only be attacked as being contrary to law. *Link* v. *Sun Oil Co.* (1974), 160 Ind. App. 310, 312 N.E.2d 126. A decision will be disturbed as being contrary to law only where the evidence is without conflict and leads but to one conclusion and the trial court has reached an opposite conclusion. *Link* v.

*Sun Oil Co., supra.* Examining the record, we find that the evidence most favorable to the trial court's decision, together with all reasonable inferences therefrom support the trial court's conclusion that plaintiffs' dismissals were, in fact, for economic reasons. The undisputed evidence before the trial court demonstrated that plaintiffs' dismissals flowed from defendants' good faith desires to stabilize the local taxes of the citizens of Richmond, to gain more sound fiscal management by the avoidance of overlapping fire coverage and the more efficient utilization of manpower and equipment, and to attain better fire protection by more efficient location of fire stations. We therefore are unable to say as a matter of law that plaintiffs' dismissals were for reasons other than economy. Accordingly, no error exists under this issue.

Having failed to demonstrate reversible error the judgment of the trial court should be and is hereby affirmed in all respects.

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 346 N.E.2d 759.