STATE of Indiana, on relation of Joseph MIECZNIKOWSKI, et al., Appellants (Plaintiffs Below),

v.

CITY OF HAMMOND, Indiana, Appellee (Defendant Below).

No. 3–782A144.

Court of Appeals of Indiana, Third District.

May 26, 1983.

Hilbert L. Bradley, Gary, for appellants.

Robert G. Berger, Hammond, for appellee.

STATON, Judge.

After being demoted by the Hammond Board of Public Works and Safety (hereinafter "Board"), four Hammond firefighters (hereinafter "firefighters") sought judicial

review of the Board's decision. The trial court affirmed the demotions and the firefighters appeal. We address four issues:

(1) Whether the firefighters' due process rights were violated by the city attorney's participation in a hearing although the Board rejected the fire department's reorganization plan considered at that hearing and took no action against the firefighters until after a second hearing;

(2) Whether the firefighters received sufficient notice and an adequate hearing before they were demoted;

(3) Whether the Board's findings are specific enough to enable the court to review the Board's decision; and

(4) Whether the change in the firefighters' work schedules violated fire department regulations.[1]

Affirmed in part; reversed in part; remanded with instructions.

On March 10, 1981, the Fire Chief sent a letter to the Board, proposing a reorganization plan which would require that eight firefighters be demoted. A hearing was held on March 19, 1981. At this hearing, the attorney for the eight firefighters objected to the participation of the city attorney as a member of the Board. He also objected to the notice given the eight firefighters prior to the hearing. The parties have stipulated that the Board sustained the objection to the participation of the city attorney. Therefore, the reorganization plan requiring that eight firefighters be demoted was not approved by the Board.

The Fire Chief submitted a second plan which required that four firefighters be demoted. The firefighters were given notice of the proposed demotions and a hearing was held on April 9, 1981. Following that hearing, the Board issued the following:

"FINDINGS AND ORDER

"The Board of Public Works and Safety, having heard the evidence in this matter on April 9, 1981, now FINDS as follows:

"1. That the Board has jurisdiction of the subject matter and parties hereto, and said parties have appeared through their attorney, Hilbert Bradley.

"2. That the Fire Chief was ordered through the Mayor of the City of Hammond to reorganize the Fire Department on or before April 1, 1981 by eliminating shifts consisting of twenty-four hours on duty and seventy-two hours off duty.

"3. That such reorganization was necessary for the efficient operation of said Department.

"4. That such reorganization caused elimination of one Assistant Chief's position and two Battalion Chiefs' positions.

"5. That the elimination of said positions necessitates reduction in rank for the above firefighters.

"NOW, THEREFORE, IT IS ORDERED as follows:

"1. That the Motion to Dismiss on behalf of the Firefighters is denied.

"2. That JOSEPH MIECZNIKOWSKI is reduced in rank from Assistant Chief to Battalion Chief.

"3. That JOHN CVITKOVICH is reduced in rank from Battalion Chief to Captain.

"4. That RICHARD REINOSO is reduced in rank from Battalion Chief to Captain.

"5. That CHRIS DEMAS is reduced in rank from Battalion Chief to Captain.

"SO ORDERED this 17th Day of April, 1981."

(Record, p. 54).

The firefighters filed a complaint in the trial court, seeking review of the Board's decision. Following a hearing, the trial court affirmed the Board's decision and de-

1. The City argues that the appeal should be dismissed because the firefighters' brief fails to conform to Ind.Rules of Procedure, Appellate Rule 8.2 and Appellate Rule 8.3. Although the firefighters' Statement of the Facts contains extensive summaries of witnesses' testimony and argumentative statements, cf. *Moore v. State* (1981), Ind.App., 426 N.E.2d 86, their arguments are discernible and we will address the merits of the appeal.

nied the firefighters' request for declaratory judgment and mandate.

The firefighters are appealing from the judgment of the trial court. Because they bore the burden of proof in that court, they are appealing from a negative judgment. *See* Ind.Code 18–1–11–3(c) (Cum. Supp.1980) (repealed); *Atkins v. Klute* (1976), 169 Ind.App. 206, 346 N.E.2d 759, 762 (Dismissal for economic reasons held not governed by IC 18–1–11–3; nevertheless, plaintiffs bore the burden of proving improper dismissal). Therefore, the decision of the trial court will be disturbed only if the evidence is without conflict and leads unerringly to a conclusion contrary to that reached by the trial court. *Campbell v. City of Mishawaka* (1981), Ind.App., 422 N.E.2d 334, 336 *(trans. denied)*.

## I.

### Hearing on March 19, 1981

The firefighters contend that the March 19, 1981 hearing was defective because they received insufficient notice, and the city attorney acted as "judge, jury and prosecutor." [2] We need not determine whether any of the firefighters' statutory or constitutional rights were violated by the alleged defects in the hearing. The March 19, 1981 hearing was held to consider a reorganization proposal submitted by the Fire Chief which would have required that eight firefighters be demoted. Following the hearing, the Board granted the motion made by the eight firefighters to dismiss the plan because of the city attorney's participation in the hearing. The Board, therefore, took no action against the eight firefighters pursuant to the March 19, 1981 hearing. Because no adverse action was taken against them as a result of the hearing, the firefighters suffered no harm from any defects in that hearing, and we need not address this contention on appeal.

## II.

### Notice and Hearing

The firefighters sought judicial review pursuant to IC 18–1–11–3,[3] which gave the Board disciplinary powers over firefighters and police officers. The statute in effect in April, 1981 provided, in pertinent part:

"[E]very member of the fire and police forces, with the exception of the fire and police chiefs, ... shall hold office or grade until they are removed by said board. They may be removed for any cause other than politics, after written notice is served upon such member in person or by copy left at his last and usual place of residence notifying him or her of the time and place of hearing, and after an opportunity for a hearing is given, if demanded, and the written reasons for such removal shall be entered upon the records of such board."

IC 18–1–11–3(a)(3).[4] The requirement that written reasons for removal be entered on the Board's records has been interpreted as requiring that charges filed be part of the Board's records prior to the hearing. *Martincich v. City of Hammond* (1981), Ind. App., 419 N.E.2d 240, 245.

In this case, the record shows that the Board sent letters to the firefighters, notifying them of the hearing[5] and enclosing a copy of the Fire Chief's letter to the Board regarding the demotions.[6] John

---

**2.** The firefighters' assertion that defects in the March 19, 1981 hearing also rendered the April 9, 1981 hearing invalid is addressed under Issue II, *infra*.

**3.** Similar provisions are currently codified at Ind.Code 36–8–3–4 (1982 Ed.).

**4.** This Court has held that a prior version of this statute did not apply to demotions. *Jenkins v. Hatcher* (1975), 163 Ind.App. 95, 322 N.E.2d 117. However, the statute was subsequently amended to apply to demotions. *See*

*State ex rel. Warzyniak v. Grenchik* (1978), Ind.App., 177 Ind.App. 393, 379 N.E.2d 997, 1001, n. 4.

**5.** The notice was of a hearing on April 2, 1981. However, the April 2 hearing was continued at the firefighters' request because their attorney could not be present. The hearing was then set for April 9, 1981.

**6.** A copy of the Fire Chief's letter, dated March 24, 1981, appears to have been inadvertently included in the record as an exhibit to the

Cvitkovich, the only firefighter present at the hearing testified that he received the notice and understood that he was to be demoted as part of a departmental reorganization. The firefighters argue that this did not provide them with sufficient notice of the charges against them.[7] This was not a disciplinary proceeding; no charges have been made and the Fire Chief's letter stated that the demotions were not related to job performance.[8] The firefighters know that their demotions were part of a reorganization plan. A review of the entire record indicates that the firefighters knew that the plan had been proposed in response to an order issued by the mayor which requested reorganization for economic reasons. They were aware of the reason for demotion and of the hearing; therefore, the notice given was sufficient.[9] The firefighters also received a hearing at which they had the opportunity to appear, to present evidence, and to cross-examine witnesses. The statutory requirements were complied with.

The firefighters contend that defects in the March 19, 1981 hearing impermissibly tainted the Board's decision. However, they have not shown how the second hearing and the Board's decision were so affected.

The parties stipulated that the Board denied the first reorganization plan because the City attorney participated as an advocate and as a member of the Board. At the April 9, 1981 hearing, the City attorney represented the Fire Chief and did not take part in the Board's decision. The participation of another Board member in both hearings is not alone sufficient to impair the firefighters' rights.

Furthermore, the Board denied the Fire Chief's proposal to demote eight firefighters. It later decided to demote four firefighters pursuant to a second reorganization plan. This situation differs from that considered in *Shoaf v. City of Lafayette* (1981), Ind.App., 421 N.E.2d 1168 *(trans. denied)*. In *Shoaf,* the police commission dismissed a police officer, following a defective proceeding. The court held that the commission could not cure the defects by holding a rehearing of its dismissal decision because it had no authority to review its own decision. In this case, however, the Board denied a proposal, and later considered and granted another proposal. The denial of the first proposal and the refusal to demote the eight firefighters did not strip the Board of its authority to consider another proposal. The Board did not review a previous decision at the April 9 hearing; it made a new decision about a new proposal.[10]

■ The firefighters further contend that their due process rights were violated because they were demoted without adequate notice or hearing. Demotion from rank is protected by the Fourteenth Amendment's due process guarantees if a statute creates a legitimate claim of entitle-

transcript of the March 19, 1981 hearing instead of the transcript of the April 9, 1981 hearing.

**7.** The firefighters argue that they were entitled to specific budgetary information and the details of the reorganization plan. They have demonstrated no prejudice to their ability to present their case by the Board's failure to provide such information in the notice.

**8.** At the hearing, he testified that the demotion decisions were based on the time spent in rank. The testimony at the hearing indicated that the firefighters did have the least amount of time at their particular ranks.

**9.** We note that IC 18–1–11–3 (repealed and replaced by IC 36–8–3–4) did not contain specific language regarding dismissal for economic

reasons; therefore it differs from the Teacher Tenure Act, Ind.Code 20–6.1–4–10 (1982 Ed.).

**10.** The city argues that IC 18–1–11–3 does not apply to demotions for economic reasons. It has been held that the statute does not apply to dismissals for economic reasons. *Atkins v. Klute* (1976), 169 Ind.App. 206, 346 N.E.2d 759. Since the amendment of IC 18–1–11–3 does include demotions as well as dismissals, this holding would extend to demotions for economic reasons. However, the Board did not make a finding that the demotions were for economic reasons. Because we remand for more specific findings, see Issue III, *infra,* we need not address this question.

ment to continue in that rank. *Sheridan v. Town of Merrillville* (1981), Ind.App., 428 N.E.2d 268, 271. IC 18–1–11–3, as in effect in April, 1981, created such an entitlement; therefore, the firefighters were protected by procedural process requirements, so they could not be demoted without sufficient cause, notice, and a hearing. As we have previously stated, the firefighters received notice of the reasons for demotion and an adequate hearing. Their procedural due process rights were not violated.

### III.

#### Findings of Fact

■ The firefighters contend that the Board's findings are not sufficient. Because the decision was an administrative action subject to judicial review, written findings are necessary. *Connell v. City of Logansport* (1979), Ind.App., 397 N.E.2d 1058, 1062; *Yunker v. Porter County Sheriff's Merit Board* (1978), Ind.App., 178 Ind. App. 364, 382 N.E.2d 977. The purpose of these findings is to provide for meaningful judicial review while limiting the possibility that the reviewing court will reweigh the evidence before the agency. *Yunker, supra.* The findings must be specific and must set forth the factual basis for the agency's decision. *See Perez v. United States Steel Corp.* (1981), Ind., 426 N.E.2d 29.

■ The Board has failed to make findings which state its reasons for demoting the firefighters with sufficient specificity to allow meaningful review of the decision. The findings essentially state that reorganization of the department was necessary for efficient operation and that such reorganization requires the demotion of the four firefighters. These findings state conclusions but fail to provide the underlying factual basis.[11] This failure does not necessarily invalidate the Board's decision; it is a defect which the Board should have an opportunity to correct. *Yunker, supra.*

### IV.

#### Change in Work Schedule

■ The firefighters contend that the change in their duty schedule from twenty-four (24) hours on and seventy-two (72) hours off to twenty-four (24) hours on and forty-eight (48) hours off violated department policy. Their motion to correct errors stated that this change was in violation of "Sec. 1, p. 30, Rules, Regulations, Practices and Procedures, Revised June 1, 1969 and Policies of the City of Hammond, Indiana." (Record, p. 1). However, the firefighters have not demonstrated that any regulation was violated.

As acknowledged by the firefighters in their brief, the fire department regulation provides that firemen shall work not more than twenty-four (24) hours on, with not less than forty-eight (48) hours off and averaging not more than fifty-six (56) hours per week on duty in any one year. The firefighters, pursuant to the reorganization plan, were scheduled to work twenty-four (24) hours on and forty-eight (48) hours off. This is in compliance with the regulation; therefore, we find no violation.

Testimony given at the April 9, 1981 hearing before the Board indicates that fire department practice had been for certain employees to be off seventy-two (72) hours for every twenty-four (24) hours on duty. The firefighters have not shown that this practice was established by regulation, ordinance or statute, nor have they shown that they had any entitlement to expect the practice to continue. Therefore, we find no error in a decision requiring the firefighters to work the schedule established by department regulations.

The trial court erred in determining that the Board's findings were sufficient. We therefore reverse and remand to the trial court with instructions to remand the case to the Board and direct it to make more specific findings of fact and for further proceedings not inconsistent with this opinion. The trial court is otherwise affirmed.

---

11. Because we remand for more specific findings of fact, we need not here consider whether the record contains evidence to support the findings.

Affirmed in part; reversed and remanded in part.

GARRARD, J., concurs.

HOFFMAN, P.J., concurs in result.