**Jeffrey KOCHIS, Appellant–Plaintiff,**

**v.**

**CITY OF HAMMOND, Indiana, Fire Department of the City of Hammond, Indiana, and Chief David Hamm, Board of Public Works & Safety of Hammond, Indiana, Appellees–Defendants.**

**No. 45A03–0709–CV–445.**

Court of Appeals of Indiana.

March 25, 2008.

Kenneth D. Reed, Jonathan E. Halm, Abrahamson, Reed & Bilse, Hammond, IN, Attorneys for Appellant.

David C. Jensen, David J. Beach, Eichhorn & Eichhorn, LLP, Hammond, IN, Attorneys for Appellees.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Jeffrey Kochis appeals the trial court's order granting summary judgment to City of Hammond, Indiana ("City"); Fire Department of the City of Hammond, Indiana, and Chief David Hamm; and Board of Public Works & Safety of Hammond, Indiana ("Safety Board") (collectively, "Hammond") on Kochis' complaint.[1]

We reverse and remand.

---

1. We heard oral argument on this appeal on March 3, 2008, in Indianapolis, and we thank counsel for their spirited presentations.

*ISSUE*

Whether the trial court erred in granting summary judgment to Hammond and not granting summary judgment to Kochis.

*FACTS*

Since 1982, Kochis has been a member of the Hammond Fire Department ("Department"). In late December of 2003, Martin Del Rio was Fire Chief; Michael Jakubczyk was Deputy Chief; and Kochis was Assistant Fire Chief/Drillmaster.

As a result of an electoral change, on January 1, 2004, Thomas McDermott took office as mayor. Mayor McDermott named David Hamm to serve as Fire Chief and Patrick Moore, Jr. as Assistant Chief. Also on January 1, 2004, Chief Hamm authored and distributed a memorandum stating that effective January 5th, former Deputy Chief Jakubczyk was being transferred to the position of Assistant Fire Chief/Drillmaster, and that effective January 6th, Kochis was being transferred to the position of Captain. Both transfers constituted demotions. On January 15th, the Safety Board met and considered a letter from Hamm "requesting approval on demotion of ... Deputy Chief Michael Jakubczyk to Assistant Chief/Drillmaster, [and] Assistant Chief/Drillmaster Jeffrey Kochis to Captain." (App.17). The Safety Board approved the request.

On February 22, 2005, Kochis filed a complaint, alleging that he had been demoted despite the absence of any charges being made against him and without being provided the due process to which he was entitled pursuant to Indiana Code section 36-8-3-4. Kochis sought reinstatement to the position of Assistant Fire Chief/Drillmaster, back pay, and other relief. On April 19, 2005, Hammond filed its answer, admitting that "no charges were pending against" Kochis. (App.19). Hammond's answer further asserted that because Kochis "held an upper level policy-making position[,] ... his reduction in grade was lawful." (App.19).

On October 20, 2005, Kochis filed a motion for summary judgment, contending that pursuant to statute, only the Department positions of Chief and Deputy Chief were upper level policy-making positions that did not require due process procedures in order to effect a demotion. Accordingly, he asserted, he was entitled to the statutory due process procedures, and because they had not been provided, he should be granted summary judgment.

On November 21, 2005, Hammond responded that Kochis had not been "demoted for a person-based disciplinary reason which would invoke" the statutory due process protection, but rather "the decision to demote Mr. Kochis was a position-based one." (App.34). The response also asserted that when Jakubczyk was "demoted to the position of Assistant Chief/Drillmaster, his previous rank and grade before his promotion" to Deputy Chief under the previous administration, the City could not then "pay both individuals to do the same job," and Kochis had been moved "to the next available slot down the ladder." (App.35, 36). Hammond also claimed that the "decision was rooted in economics," but it cited no designated evidence in that regard. (App.36). The response further asserted that upon the appointment of the new Fire Chief and Deputy Chief, the "Department had to return the displaced personnel to their previous positions." *Id.*

In his December 21, 2005, reply, Kochis asserted that Hammond had submitted "absolutely no ... evidence" to support the "assertion that [his] demotion was the product of economic necessity." (App.49). Moreover, Kochis contended, the statute required that the Board state its reasons for the demotion of a firefighter, and the

Board had given no reason—economic or otherwise in his case.

In the meantime, on December 2, 2005, Hammond had filed its motion for summary judgment. In its brief, Hammond asserted that Indiana Code section 36–8–3.5–11(d) required the Board to return Jakubczyk to "the position [ ][he] held prior to his appointment" to Deputy Chief, (App.48), and that because the demotion of Kochis "was an economic-based decision" and "position-based" rather than a disciplinary one, the due process statute was inapplicable. (App.60). Along with its motion for summary judgment, Hammond submitted the affidavit of Chief Hamm, stating that the demotion of Kochis "was not disciplinary," but was a "decision" made by Chief Hamm "because the City was required to return Jakubczyk to his former rank and grade, and the City only had the need and the budget for one Assistant Chief/Drillmaster." (App.62).

Kochis responded to Hammond's motion for summary judgment on December 29, 2005. Kochis asserted, *inter alia,* that Hammond simply made "the unsupported assertion that [he] was demoted as a cost saving measure." (App.65).

In its reply on January 10, 2006, Hammond continued to argue that the demotion of Kochis "was rooted in economics, rather than discipline." (App.71). It further cited Indiana Code section 36–8–3–4(m), which provides that a firefighter "who holds an upper level policy making position" may be reduced "in grade without adhering to" the statutory due process requirements but "may not be reduced in grade to a rank below that which the member held before the member's appointment to the upper level policy making position." Hammond claimed it "followed the law" in demoting Jakubczyk to Assistant Chief/Drillmaster, and "the city could not pay both individuals to do the same job," therefore making this "a question of available positions," which in turn rendered this a "decision rooted in economics." (App.72).

On February 22, 2007, the trial court heard oral arguments. On August 24, 2007, the trial court issued its order. In its ruling, the trial court noted that the positions of Fire Chief and Deputy Chief were upper level policy making positions, and found that the new appointments and consequent "displacement [ ]" of Jakubczyk by Mayor McDermott on January 1, 2004, were authorized by statute. (App.75). The trial court further found that

[w]hen a mayor makes appointments to fill upper level policymaking positions as Mayor McDermott did here, state law requires the Board of Public Works and Safety to return the former Fire Chief and former Deputy Chief to the positions each held prior to this appointment to this upper level policy making position.

(App. 76, citing I.C. § 36–8–3.5–11(d)). The trial court then found that "this statutory mandate" required that Jakubczyk be "returned ... to the position of Assistant Chief/Drillmaster, the position he held before he was appointed Deputy Chief." *Id.* The trial court further found that there was "only one Assistant Chief/Drillmaster position" and "no need for two individuals to perform this job." *Id.* The trial court concluded that "the basis of Kochis' demotion was not disciplinary in nature" and "[c]onsequently, the disciplinary procedure set forth in Ind.Code § 36–8–3–4 is not applicable." (App.77). It then granted Hammond's motion for summary judgment.

## DECISION

On review, the appellate court applies the same standard of review as the

trial court in determining the propriety of summary judgment. *Keaton and Keaton v. Keaton*, 842 N.E.2d 816, 819 (Ind.2006). Summary judgment is granted "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). Hence, we must decide whether there is a genuine issue of material fact that precludes summary judgment and whether the moving party is entitled to judgment as a matter of law. *Keaton*, 842 N.E.2d at 819. Our review is limited to those materials specifically designated to the trial court. *Sees v. Bank One, Indiana, N.A.*, 839 N.E.2d 154, 160 (Ind.2005) (citing Ind. T.R. 56(H)). We accept as true those facts alleged by the non-moving party, construe the evidence in favor of the non-moving party, and resolve all doubts against the non-moving party. *Sees*, 839 N.E.2d at 160. When the parties have filed cross-motions for summary judgment, we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Id.*

Further, the party moving for summary judgment bears the initial burden of showing no genuine issue of material fact and the appropriateness of judgment as a matter of law. *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 975 (Ind. 2005). If the movant fails to make this prima facie showing, then summary judgment is precluded. *Id.*

■ At the outset, we find that as a matter of law, the trial court erred in finding that Indiana Code section 36–8–3.5–11(d) required Hammond to return Jakubczyk to the *position* he held prior to his appointment as Deputy Chief. "When

a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense." *City of Carmel v. Steele*, 865 N.E.2d 612, 618 (Ind.2007). ·In addition, it is just as important to recognize what a statute does not say as it is to recognize what it does say. *Herron v. State*, 729 N.E.2d 1008, 1010 (Ind.2000). A court may not read into a statute that which is not the expressed intent of the legislature. *Id.*

■ The statutory provision asserted by Hammond in its arguments to the trial court and cited by the trial court as the "statutory mandate" for "the return" of a fire department member holding an upper policy making position to "the position [that member] held prior" to his appointment, (App.76), is as follows:

> The removal of a member from an upper level policymaking position is removal from rank only and not from the department. When the member is removed, he shall be appointed by the commission to the rank in the department that he held at the time of his upper level appointment or to any rank to which he had been promoted during his tenure in the upper level position. If such a rank is not open in either case, the member is entitled to the pay of that rank and shall be promoted to that rank as soon as an opening is available.

Ind.Code § 36–8–3.5–11(d). On its face, the statute speaks only of the member's subsequent appointment to "the rank" previously held, not to the particular position held. I.C. § 36–8–3.5–11(d). Consequently, this statute does not require the former policymaker to be returned to a specific position.[2]

---

**2.** Whether this statutory provision even applies in this case is questionable. The statuto-

ry provision is found in Chapter 3.5, which provides for police and fire department merit

That said, we turn to the ultimate issue of whether based upon the specifically designated evidence before the trial court and the law, either party was entitled to summary judgment. Indiana Code section 36–8–3–4(b) provides that a member of the police or fire department "holds office or grade until the member is dismissed or demoted by the safety board." Long ago, Indiana's Supreme Court held that the predecessor statute provided "a fixed tenure," and the member was "not subject to be dismissed from the service except for cause, and then after a hearing on proper notice." *Shira v. State*, 187 Ind. 441, 119 N.E. 833, 834 (1918). The current Section 4 specifies the due process procedures for effecting such a dismissal or demotion. We have held that the purpose of Section 4

> is twofold: first, it is intended to protect police officers and firefighters and their office; second, it is intended to enhance the public's interest in being protected by police departments and fire departments consisting of well-disciplined officers. Therefore, Indiana Code section 36–8–3–4 was intended to provide a mechanism for sanctioning police officers and firefighters upon a showing of cause, while at the same time ensuring that those subjected to such sanctions are granted protections calculated to ascertain the truth of the misconduct charges.

*Norris v. City of Terre Haute*, 776 N.E.2d 923, 926 (Ind.Ct.App.2002). In other words, the statutory procedures, mirroring the concept of due process, have as their objective the prevention of arbitrary, capricious, or politically motivated demotions or dismissals.

■ However, the law has also held that there is an "exception" to the neces-

sity of these due process procedures: "the membership of the ... department may be reduced for economic reasons, and a dismissal on that ground does not violate the rights of the officer." *Shira*, 119 N.E. at 834. We have since described this exception as applying when the personnel change is "position-directed" rather than "person-directed." *Norris*, 776 N.E.2d at 926 (citing *Pfifer v. Town of Edinburgh*, 684 N.E.2d 578, 582 (Ind.Ct.App.1997), *trans. denied* (notice provisions in I.C. § 36–8–3–4(c)) inapplicable when police officer or firefighter dismissed for economic reasons rather than disciplinary reasons). This "economic" or "position-directed" exception has been found to apply when firefighters "were discharged from their positions by operation of an appropriation ordinance," *Atkins v. Klute*, 169 Ind.App. 206, 346 N.E.2d 759, 760 (1976); firefighters were demoted pursuant to a departmental reorganization to meet ordered cost-savings, *Miecznikowski v. City of Hammond*, 448 N.E.2d 1239 (Ind.Ct.App. 1983); a town marshall was dismissed when the town was unable to obtain insurance so long as he was so employed, *Small v. Board of Safety of Town of Monroeville*, 513 N.E.2d 196 (Ind.Ct.App. 1987); the two least senior deputy marshals were dismissed when the adopted budget eliminated two deputy positions, *Pfifer v. Town of Edinburgh*, 684 N.E.2d 578 (Ind.Ct.App.1997); and the demotion was effected after the member's position "was eliminated for economic reasons." *Norris*, 776 N.E.2d at 927.

■ Here, the designated evidence before the trial court was scant indeed. As the parties confirmed during oral argument, there had been no discovery con-

---

systems. Both parties concede on appeal, though this was not brought to the attention of the trial court, that Hammond does not have a fire department merit system. *See* Kochis' Br. at 16; Hammond's Br. at 11.

ducted. Thus, we have Kochis' complaint, with Chief Hamm's January 1, 2004, memorandum and the January 15, 2004, minutes of the Safety Board attached; and the affidavit of Kochis as to his tenure in the Department and demotion without benefit of the procedures required by statute. Also designated was Chief Hamm's affidavit stating that upon being relieved of his Deputy Chief position, Jakubczyk "asked to be returned to his former position"; that the Department budget "only provided for one Assistant Chief/Drillmaster"; and that "to return Jakubczyk to" his requested former position, "the position had to be vacated," which move he "recommended" and the Safety Board approved. (App.61, 62). Chief Hamm's affidavit concludes by stating that "Kochis' demotion was not disciplinary" but rather a decision he "made because the City was required to return Jakubczyk to his former rank and grade, and the City only had the need and budget for one Assistant Chief/Drillmaster." (App.62).

Chief Hamm's affidavit falls short of establishing that the economic exception applies to Kochis' demotion. There was no designated evidence to support his assertion that the "City only had the need and budget for one Assistant Chief/Drillmaster," (App.62), and we have already determined that Hammond was not required to return Jakubczyk to the position of Assistant Chief/Drillmaster. The statutory provision for due process in the demotion of firefighters provides that "the executive may reduce any member of the ... fire department who holds an upper level policy making position," and that "reduction in grade may be made without adhering to" the statute's due process requirements,

but the "member may not be reduced in grade to a rank below that which the member held before the member's appointment to the upper level policy making position." I.C. § 36–8–3–4(m). Thus, by law, Jakubczyk could not be reduced in grade to a rank below Assistant Chief. But the designated evidence does not establish how many such positions the Department held, or that no such position was vacant.[3] There is also no designated evidence to support the assertion in Hammond's argument to the trial court that when Jakubczyk was placed in the Assistant Chief/Drillmaster position, Kochis was moved "to the next available slot down the ladder." (App.36).

Further, to establish that this is a demotion that fits within the economic exception, Hammond has presented no legislative enactments, Safety Board-adopted procedures, or official Department policies that apply to these circumstances. Pertinent questions arise as to the Department's budget, its manning table, its permanent ranks and so forth.

As the party moving for summary judgment, Hammond bore the initial burden of showing no genuine issue of material fact and the appropriateness of judgment as a matter of law. *Monroe Guar. Ins. Co.*, 829 N.E.2d at 975. Hammond's designated evidence falls woefully short of making a prima facie showing that the demotion was one that fits within the economic exception. Because such remains as a genuine issue of fact, summary judgment should not have been granted to Hammond. *Id.*

Kochis also argues that his motion for summary judgment should have been

---

**3.** In his complaint, Kochis alleged "eleven persons in the Department" held the "rank of Assistant Fire Chief." (App.11). In its answer, Hammond admitted that the Assistant Chief "rank was held by eleven persons in a department of approximately 180 firefighters." (App.19). Yet, the trial court's order found there were "seven (7) overall Assistant Chief Positions."

granted. However, because we find that whether the economic exception applies here is a question of fact, his argument in this regard must also fail.

Reversed and remanded for further proceedings consistent with this opinion.

BAKER, C.J., and BRADFORD, J., concur.